**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DAVID S. MOORE,                               )
                                              )
                    Plaintiff,                )
                                              )
v.                                            )        Case No. 14-2420-SAC
                                              )
UNIVERSITY OF KANSAS, et al.,                 )
                                              )
                    Defendants.               )

## <u>SCHEDULING ORDER</u>

On January 16, 2015, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, K. Gary Sebelius, conducted a scheduling conference in this case with the parties.[1]   Plaintiff, David S. Moore, appeared in person and through counsel, Daniel R. Cofran.   Defendants, the University of Kansas, Jeffrey S. Vitter, Steven F. Warren, and Joseph A. Heppert, appeared through counsel, David R. Cooper and Sarah A. Morse.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.   The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| **Event** | **Deadline/Setting** |
| Plaintiff's settlement proposal | 2/6/15 |
| Defendant's settlement counter-proposal | 2/27/15 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 3/16/15 |
| Mediation completed | 6/15/15 |
| Supplementation of initial disclosures | 6/19/15 |
| All discovery completed | 7/31/15 |
| Experts disclosed by plaintiff | 5/1/15 |
| Experts disclosed by defendant | 6/5/15 |
| Rebuttal experts disclosed | 7/1/15 |
| Physical and mental examinations | 5/15/15 |
| Jointly proposed protective order submitted to court | 2/6/15 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 2/13/15 |
| Motions to dismiss | 2/20/15 |
| Motions to amend | 3/16/15 |
| All other potentially dispositive motions (e.g., summary judgment) | 10/2/15 |
| Motions challenging admissibility of expert testimony | 42 days before trial |
| Comparative fault identification | N/A |
| Status conference | N/A |
| Proposed pretrial order due | 9/2/15 |
| Pretrial conference by telephone | 9/9/15 at 9:30 a.m. |
| Trial | TBD |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **February 6, 2015**.  Defendant must make a good-faith counter-proposal by **February 27, 2015**.  By **March 16, 2015**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge).  These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method.  If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.  These reports must <u>not</u> be filed with the Clerk's Office.  Absent further order of the court, mediation must be held no later than **June 15, 2015**.  An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2.     Discovery.**

a.      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served by **June 19, 2015,** approximately 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      All discovery must be commenced or served in time to be completed by **July 31, 2015**.

c.      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **May 1, 2015**, and by defendant by **June 5, 2015**; disclosures and reports by any rebuttal experts must be served by **July 1, 2015**.   The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.   These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.   If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

    d.    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case.   The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **May 15, 2015**.   If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

    e.    Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

> All information produced by either party shall initially be produced in .pdf form. In the event any party wishes to discover ESI associated with a document, the party will notify the other party in writing and identify the specific document(s) by bates-number(s). The party requesting the ESI will also identify the nature of the ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and any expenses

associated with the production of such information. If a party believes there is ESI that is relevant that has been requested but that has not been produced, the parties will confer in good faith regarding the existence or nonexistence of such information.

The parties will produce ESI in the native format kept by the producing party, or in a common interchange format, such as Outlook/PST, Concordance or Summation, so it can be searched by the other side. If any special software is required to conduct a search in native format, the parties will confer in good faith regarding production of the material in a readily useable form or in such a manner that the requesting party may utilize the software. If ESI is produced, the parties will produce a Bates numbered file listing of the file names and directory structure of what is on any CDs or DVDs exchanged. Either side may use an e-mail or an attachment to an e-mail that came from one of these previously produced disks by printing out the entire e-mail (and the attachment if they are using a file that came with an e-mail) and marking it at the deposition or trial, and either side may use application data (which was not an attachment to e-mail–so it's stand-alone on a CD or DVD) as long as the footer on the pages or a cover sheet indicates (1) the CD or DVD from whence it came, (2) the directory or subdirectory where the file was located on the CD or DVD, and (3) the name of the file itself including the file extension.

f.      Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed as follows and request the Court incorporate their agreement in its order:
1) Any inadvertent disclosure or production of documents protected by the attorney client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.
2) In the event that the receiving party discovers that it has received either attorney client privilege or work-product-protected documents, it will bring that fact to the attention of the producing party immediately upon discovery.
3) Upon the request of the producing party, the receiving party will promptly return to the producing party any attorney-client privilege or work-product-protected document and any copies that the receiving party may have made.
4) Upon the request of the producing party, the receiving party will promptly

disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document.

5) No such inadvertently produced attorney-client privilege or work-product protected document may be used in evidence against the producing party.

6) No copies will be made of the inadvertently disclosed attorney-client privilege or work-product-protected documents.

7) If either party must seek judicial enforcement of this agreement, the costs and reasonable attorney's fees of the party seeking enforcement will be paid by the party against whom such enforcement must be sought, but only if the court finds the existence of a valid privilege and grants enforcement of this agreement by ordering the return and non-evidentiary use of the produced document.

g.      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

1) Discovery Disputes Will Be Resolved with a Phone Call Between Lead Counsel.

2) Papers Will Be Served by E-Mail on All Counsel.

3) Exhibits Will Be Numbered Sequentially.

4) Neither Side Will Be Entitled to Discovery of Communications with Counsel or Draft Expert Reports.

5) Production Does Not Waive the Privilege.

h.      No party may serve more than **30** interrogatories, including all discrete subparts, on any other party.

i.      No party may serve more than **40** requests for admissions, including all discrete subparts, on any other party.   This numerical limit does <u>not</u> apply to requests to admit the genuineness of any described document.

j.      No more than **15** depositions may be taken by plaintiff, and no more than **15** depositions may be taken by defendants, collectively.   Each deposition must be limited to **4** hours except for the depositions of **individual parties and defendant's 30(b)(6)**

**representative** which must be limited to **2 days (16 hours)**. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

      k.      Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **February 6, 2015**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **February 13, 2015**.

      l.      The parties **do not** consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

      m.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and

inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3),   the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.   Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.    Motions.**

a.    Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **February 20, 2015**.

b.    As discussed during the scheduling conference, without the necessity of filing a formal written motion, Plaintiff is authorized to file an amended complaint by **February 6, 2015**.   All other motions for leave to join additional parties or to otherwise amend the pleadings must be filed by **March 16, 2015**.

c.    All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 2, 2015**.

d.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.   Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website: *http://www.ksd.uscourts.gov/summary-judgment/*

e.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial**.

f.    If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

10

g.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

h.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

i.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.      Pretrial Conference, Trial, and Other Matters.**

a.      The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **September 9, 2015** at **9:30 a.m.**; unless the parties request to appear in person, this pretrial conference will be conducted by telephone.   Should the judge determine that the proposed pretrial order is not in the appropriate format or other problems exist, the parties shall be notified that counsel should appear in person.   **<u>Participants shall call (785) 338-5499 at the scheduled time.</u>**   Unless otherwise notified, the undersigned U.S. Magistrate Judge

will conduct the conference.  No later than **September 2, 2015**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.   The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.   It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      c.     The parties expect the jury trial of this case to take approximately **14** trial days.  The court will subsequently set the case for trial.

      d.     The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

      e.     This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this **16th** day of January, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge