**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DAVID S. MOORE,                              )
                                             )
                          Plaintiff,         )
                                             )
             v.                              )        Case No. 2:14-cv-02420-SAC-KGS
                                             )
THE UNIVERSITY OF KANSAS, ET AL.,            )
                                             )
                          Defendants.        )

**MEMORANDUM IN SUPPORT OF
DR. GRAY-LITTLE'S MOTION TO DISMISS**

Dr. Bernadette Gray-Little submits the following memorandum in support of her motion to dismiss.

**I.      NATURE OF THE CASE**

This is an employment dispute which stems from the termination of plaintiff from his position at the University of Kansas ("KU") as an Assistant Scientist and the Director of the Microscopy Analysis and Imaging Laboratory ("MAI Lab"). Dr. Bernadette Gray-Little is the Chancellor of KU. Plaintiff alleges he was terminated in retaliation for his Attention Deficit Disorder/Attention Deficit Hyperactivity Disorder and for reporting the mismanagement and misuse of and noncompliance with federal grant funds. Dr. Gray-Little denies Plaintiff's allegations and contends Plaintiff was terminated for valid, non-retaliatory reasons.

Plaintiff alleges seven counts against all defendants. Four counts are alleged against Dr. Bernadette Gray-Little in her official capacity:

1. Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* (Count One);

{T0436003}                                    1

2. Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information Act, 41 U.S.C. § 4712 (Count Three);

3. False Claims Act, 31 U.S.C. § 3730, *et seq.* (Count Four); and,

4. Common law unlawful termination of employment (Count Seven).

Dr. Gray-Little seeks dismissal of all claims made against her except the claim for prospective, injunctive relief under the ADA.

## II.     STATEMENT OF FACTS

Dr. Gray-Little is alleged to have been a management official or other employee of the University whose duties include and included the responsibility to investigate, discover or address misconduct prescribed by federal laws regarding the management of research grants. ECF 30, ¶ 41. Dr. Gray-Little is also alleged to be the principal officer of the University authorized to make hiring and firing decisions, including reinstatement of discharged employees. *Id.* Dr. Gray-Little refers to and incorporates here the statement of facts of co-defendants KU, Drs. Vitter, Warren, and Heppert, and KUCR set forth in ECF 35, pp. 2-3, and ECF 62, pp. 2-4. Dr. Gray-Little relies only upon facts set forth in the pleadings.

## III.    ISSUES PRESENTED

1. **Any claim for monetary damages under the Americans with Disabilities Act is prohibited;**

2. **41 U.S.C. § 4712 is not applicable to Plaintiff's claims and are further barred by sovereign immunity and a failure to exhaust administrative remedies;**

3. **Plaintiff's Claims under the False Claims Act (FCA) are barred because the FCA does not authorize suits against states or individuals and because the alleged conduct was not action "in furtherance of" an FCA claim;**

4. **Plaintiff's state law retaliation claim fails because (i) the claim against KU or any individual in his official capacity is barred by Eleventh Amendment Immunity, (ii) plaintiff's exclusive remedy lies in state court under the Kansas Whistleblower Act and, (iii) Kansas law recognizes a retaliation claim only against the employer and not against individual employees or officials of the employer.**

## IV.   LEGAL STANDARDS

In ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950.

## V.   ARGUMENTS AND AUTHORITY

### 1.   Plaintiff cannot bring a claim for monetary damages under the ADA against Dr. Gray-Little.

In Count One, plaintiff specifies that he seeks "prospective injunctive relief in their official capacities for continuing violations" under the ADA. *Id.,* ¶ 131. As relief, plaintiff seeks (1) reinstatement; (2) costs; including reasonable attorneys' fees; (3) unspecified equitable relief under the ADA; and (4) "such other just, appropriate and additional relief as is just and appropriate in the premises." ECF 30, p. 90.

Dr. Gray-Little refers to and incorporates here the arguments and authorities set forth in the brief of co-defendants KU and Drs. Vitter, Warren, and Heppert at ECF 36, pp. 4-7. Plaintiff seeks unspecified equitable relief and unspecified "appropriate and additional relief." ECF 30, p. 90. To the extent such additional relief includes monetary damages, that claim is barred.

Dr. Gray-Little acknowledges that she is the appropriate defendant against whom to seek prospective, injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). Moore seeks reinstatement under his ADA claim. ECF 30, p. 90. "Reinstatement of employment is a form of

prospective equitable relief that is within the doctrine of *Ex Parte Young.*" *Meiners,* 359 F.3d at

1232. Thus, Dr. Gray-Little does not seek, at this stage of the litigation, dismissal of any claim for

prospective injunctive relief under the ADA.

> **2.    Compensatory and/or punitive damages are not recoverable under the Rehabilitation Act, 29 U.S.C. § 794.**

Dr. Gray-Little refers to and incorporates here the arguments regarding Moore's

Rehabilitation Act claims set forth in the brief of co-defendants KU and Drs. Vitter, Warren, and

Heppert's at ECF 35, pp. 7-8 and ECF 51, p.2.

> **3.    Sovereign immunity bars plaintiff's claim under 41 U.S.C. § 4712, the statute is inapplicable to Plaintiff's claims, and the claim is further barred for failure to exhaust administrative remedies.**

Count Three alleges violation of 41 U.S.C. § 4712, the Pilot Program for Enhancement of

Contractor Protection from Reprisal for Disclosure of Certain Information. In response to

Plaintiff's § 4712 claim, Dr. Gray-Little refers to and incorporates here arguments set forth in the

briefs of co-defendants Drs. Warren, Heppert, Vitter, and KUCR at ECF 36, pp. 8-13, ECF 51,

pp. 3-4, and ECF 62, pp. 13-16. Sovereign immunity bars plaintiff's claim under 41 U.S.C. § 4712,

the statute is inapplicable to plaintiff's claims, and the claim is further barred for failure to exhaust

administrative remedies.

> **4.    Plaintiff's Claims under the FCA are barred because the FCA does not authorize suits against the states, FCA does not provide for individual liability but only permits claims against the employer, and because Moore has not alleged his actions were done "in furtherance of" an FCA claim or that defendants were appropriately notified of his FCA efforts.**

Count Four of the Amended Complaint asserts a retaliation claim under the FCA's

whistleblower provision, 31 U.S.C. § 3730(h). In response to plaintiff's FCA claim, Dr. Gray-

Little refers to and incorporates here the arguments set forth in the brief of co-defendants

Drs. Warren, Heppert, and Vitter at ECF 36, pp. 14-17, ECF 51, pp. 5-11. Section 3730(h) does

not authorize suits against the states and was not intended to provide for individual liability. Further, Plaintiff has failed to plead facts to allege Dr. Gray-Little was notified of Moore's FCA efforts.

**5. Plaintiff's § 1983 claims of violation of his rights to Freedom of Speech and Liberty Interest fail to state a constitutional violation and are barred by qualified immunity.**

The amended complaint does not explicitly assert a claim under § 1983 against Dr. Gray-Little. Nonetheless, Dr. Gray-Little incorporates by reference the arguments set forth in the memorandum in support of the motion to dismiss by Drs. Vitter, Warren, and Heppert in their official capacities, ECF 36. Further, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foot v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997) (citation omitted). A plaintiff must establish that each defendant, through his or her own individual actions, violated the Constitution. *Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The complaint sets for no allegation of personal participation by Dr. Gray-Little as to any alleged constitutional violation. This serves as an additional basis for dismissal.

**6. Plaintiff's claim of common law retaliatory discharge fails to state a claim upon which relief may be granted.**

Plaintiff's state, common law retaliation claim must be dismissed. First, the claim is barred by the Eleventh Amendment. Second, the Kansas Whistleblower Act provides an adequate alternative remedy to plaintiff's common law retaliation claim—and plaintiff's exclusive remedy which plaintiff pursued then voluntarily dismissed. Finally, a Kansas common law retaliatory discharge claim exists only against the employer and not against individual supervisors or employees.  Plaintiff's amended complaint clearly alleges KU is his employer, not Dr. Gray-Little.

Dr. Gray-Little incorporates by reference the arguments set forth in the memorandum in support of the motion to dismiss by Drs. Vitter, Warren, and Heppert in their official capacities, ECF 36, pp. 26-29.

## VI.    CONCLUSION

For all the foregoing reasons, Plaintiff's Counts Three, Four, and Seven against Dr. Gray-Little must be dismissed with prejudice. Finally, Plaintiff cannot assert claims for money damages under Count One or for compensatory or punitive damages under Count Two.

FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street - P. O. Box 949
Topeka, Kansas  66601-0949
Office:  (785) 232-7761; Fax: (785) 232-6604
E-Mail:     dcooper@fisherpatterson.com
              smorse@fisherpatterson.com


**s/David R. Cooper**

David R. Cooper                                  #16690
Sarah A. Morse                                   #25431
**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on the 28th day of May, 2015, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel R. Cofran
Attorney at Law
1000 W. 70th Street
Kansas City, Missouri 64113
dcofran@swbell.net
**ATTORNEYS FOR PLAINTIFF**


**s/David R. Cooper**

David R. Cooper

112.30413