**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID S. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:14-cv-02420-SAC-KGS |
| | ) |
| THE UNIVERSITY OF KANSAS, ET AL., | ) |
| | ) |
| Defendants. | ) |

# DEFENDANT DR. GRAY-LITTLE'S REPLY IN SUPPORT OF HER MOTION TO DISMISS

Defendant Dr. Gray-Little submits the following reply in support of her motion to dismiss. In support of her motion, defendant states as follows:

**1. 41 U.S.C. § 4712 is not applicable to Moore's claims and his claims are further barred by sovereign immunity and a failure to exhaust administrative remedies.**

*A. 41 U.S.C. § 4712 is inapplicable to Moore's claims.*

Moore incorrectly states that Dr. Gray-Little asserts he has failed to state a claim under 47 U.S.C. § 4712 for two reasons: 1) sovereign immunity and 2) a failure to exhaust administrative remedies. Dr. Gray-Little has also identified a third reason: section 4712 is inapplicable to plaintiff's claims. *See* ECF No. 64, p. 4 incorporating the arguments set forth at ECF No. 51, pp. 3-4 and ECF No. 62, p. 14-16. Moore fails to address this argument. Because Moore has failed to allege facts sufficient to show that any award for any contract or grant upon which he bases his claim post-date July 1, 2013, the effective date of the statute, he fails to state a claim upon which relief may be based.

### B. *Sovereign immunity bars Moore's claim under 41 U.S.C. § 4712.*

Moore refers to and incorporates by reference selections from ECF No. 48 and ECF No. 68. Neither of those selections address his § 4712 claim in response to Dr. Gray-Little's defense that sovereign immunity bars any claims for monetary damages against her. ECF No. 48, ¶¶ 19-24 addresses Moore's ADA claim and only references § 4712 to explain why he uses the term "managerial" to describe defendants. Those paragraphs do not substantively address his § 4712 claim. ECF No. 68, ¶¶ 7-10 addresses Moore's False Claims Act, 31 U.S.C. § 3730 claim. Those arguments are irrelevant to the issue of whether sovereign immunity bars claims for monetary damages against Dr. Gray-Little.

### C. *Failure to exhaust administrative remedies*

In response to Moore's arguments set forth at ECF 73 , ¶¶ 26-30, Dr. Gray-Little refers to and incorporates here the arguments set forth in Drs. Vitter, Warren, and Heppert's reply in support of their motion to dismiss at ECF 51, pp. 3-4. Moore cannot seek to exhaust remedies after filing suit. Accordingly, a stay of proceedings would be improper as this court lacks jurisdiction.

### 2. Moore concedes compensatory and punitive damages are not recoverable under the Rehabilitation Act, 29 U.S.C. § 794.

Moore concedes compensatory and punitive damages are not recoverable under the Rehabilitation Act, 29 U.S.C. § 794. *See* ECF No. 73, ¶ 2; ECF No. 74, ¶ 51.

### 3. Moore's False Claims Act claim is barred because the Act does not provide for individual liability.

Even if the FCA permits a claim for prospective injunctive relief against a state, Moore's FCA claim against Dr. Gray-Little is precluded because "the 2009 amendment to § 3703(h) was not intended to provide for individual liability." *Lipka v. Advantage Health Grp., Inc.*, No. 13-CV-2223, 2013 WL 5304013, at *12 (D. Kan. Sept. 20, 2013). Dr. Gray-Little refers to and

incorporates by reference here the arguments set forth at ECF No. 51, pp. 7-51. Because Moore has only identified one employer, the University, it is the only proper FCA defendant. ECF No. 30, ¶ 2. The FCA does not authorize a retaliation cause of action against the University as it is an arm of the state.

To the extent any standards may have changed with the amendment of § 3730(h), the amendment applies only to conduct on or after May 20, 2009. Dr. Gray-Little refers to and incorporates here the arguments set forth at ECF No. 51, p. 11. Any action upon which Moore bases his claim for relief under the FCA which occurred prior to the May 20, 2009, amendment date must comply with the pre-amendment, *McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 704 (10th Cir. 2012).

> **4. Moore concedes his First Amended Complaint fails to state a claim for relief under a common law retaliatory discharge theory.**

Moore concedes *Ex parte Young* does not extend to claims for nonmonetary prospective relief for continuing violations of state law. ECF No. 73, ¶ 56. Moore contends he will "re-evaluate this claim against the individual defendants . . . as part of his submitting an amended complaint." *Id.* Moore is not entitled to amend his complaint by right, and must seek leave to file a second amended complaint. Fed. R. Civ. P. 15(a)(2). Moore has not sought leave to file a second amended complaint. As Moore's First Amended Complaint fails to state a claim for relief under a common law retaliatory discharge theory, his claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Dr. Gray-Little respectfully requests Plaintiff's Counts Three, Four, and Seven against her be dismissed.

                                        **FISHER, PATTERSON, SAYLER & SMITH, LLP**
                                        3550 S.W. 5th Street - P. O. Box 949
                                        Topeka, Kansas  66601-0949
                                        Office:  (785) 232-7761; Fax: (785) 232-6604
                                        E-Mail:     dcooper@fisherpatterson.com
                                                                   smorse@fisherpatterson.com

                                        **s/David R. Cooper**
                                        David R. Cooper                    #16690
                                        Sarah A. Morse                    #25431
                                        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing on the 13th day of July, 2015, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel R. Cofran
Attorney at Law
1000 W. 70th Street
Kansas City, Missouri 64113
dcofran@swbell.net
**ATTORNEYS FOR PLAINTIFF**


                                        **s/David R. Cooper**
112.30413                               David R. Cooper