## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

| | | |
|---|---|---|
| DAVID S. MOORE, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-CV-02420-SAC-KGS |
| | ) | |
| vs. | ) | Hon. Sam A. Crow |
| | ) | |
| THE UNIVERSITY OF KANSAS, *et al*., | ) | Hon. K. Gary Sebelius |
| | ) | |
| Defendants. | ) | |

**Filed
Electronically
CM/ECF**

### PLAINTIFF'S CERTIFIED MOTION TO COMPEL PRODUCTION OF DOCUMENTS
### BY DEFENDANTS UNIVERSITY OF KANSAS AND
### THE UNIVERSITY OF KANSAS CENTER FOR RESEARCH, INC.,
### TOGETHER WITH LEGAL MEMORANDUM IN SUPPORT

COMES NOW plaintiff David S. Moore, Ph.D., by and through his attorney, and herewith requests that the Court enter its order compelling defendants University of Kansas and the University of Kansas Center for Research, Inc. to answer without objections and to produce documents in their possession, custody and control as requested in Request Nos. 65 – 74 of *Plaintiff's First Set of Requests for the Production of Documents from Plaintiff David S. Moore, Ph.D. to Defendant University of Kansas and Defendant University of Kansas Center for Research, Inc.* In support of his request, plaintiff states as follows:

#### Statement of Facts

1.     This is a disability, whistleblower and 42 U.S.C.A. Sec. 1983 employment discrimination, hostile work environment and retaliation action by David S. Moore, Ph.D., who for eight years was the Director of the University of Kansas Microscopy and Analytical Imaging laboratory ("MAI Lab") against the University of Kansas ("University"), the University of Kansas Center for Research, Inc. ("Center for Research") and three of Dr. Moore's superiors arising from his suspension and discharge.

2.     On April 9, 2015, plaintiff served on the University and the Center for Research *Plaintiff's First Set of Requests for the Production of Documents from Plaintiff David S. Moore, Ph.D. to Defendant University of Kansas and Defendant University of Kansas Center for Research, Inc.* consisting

1

of 84 separate requests.  *See Notice of Service of First Set of Requests for the Production of Documents from Plaintiff David S. Moore, Ph.D. to Defendant University of Kansas and Defendant University of Kansas Center for Research, Inc.* (Dk. 43).

3.      Ten of the requests, Nos. 65 – 74, relate to the nature of the relationship between the University and the Center for Research and whether the latter is an "arm of the state" immune from suit in federal courts under the Eleventh Amendment, U.S.Const. ("Arm-of-the-State Document Requests"). An abridged copy of *Plaintiff's First Set of Requests for the Production of Documents from Plaintiff David S. Moore, Ph.D. to Defendant University of Kansas and Defendant University of Kansas Center for Research, Inc.,* limited in pertinent part to Request Nos. 65 – 74, the Arm-of-the-State Document Requests, is attached hereto as Exhibit A.

4.      While responses to the 84 requests would have been due thirty days thereafter under Fed.R.Civ.P. 34(b)(2)(a), the Court by its *Order* of May 6, 2015 (Dk. 55) stayed all discovery at the request of the parties until such time as the Court had ruled on a motion to dismiss raising, *inter alia,* immunity from suit in federal court under the Eleventh Amendment, a matter affecting the Court's subject matter jurisdiction, which stay was lifted by the Court two months ago on September 15, 2015.  The relevant chronology is as follows:

(a)      On March 10, 2015, defendants University of Kansas, Jeffrey Vitter, Steven Warren and Joseph Heppert filed their *Motion to Dismiss First Amended Complaint of University of Kansas and Drs. Vitter, Warren and Heppert* (Dk. 35) based on, *inter alia,* Eleventh Amendment immunity as a state agency and as state officials.  This motion was pending when plaintiff filed his April 9, 2015 request for production of documents.

(b)      Because the motion raised Eleventh Amendment issues addressing the Court's subject matter jurisdiction, counsel for defendants suggested to counsel for plaintiff that discovery be stayed pending the Court's ruling on its subject matter jurisdiction under the

Eleventh Amendment, to which counsel for plaintiff agreed, conditioned on the University and the Center for Research producing some but not all documents responsive to two of the ten Arm-of-the-State Document Requests, namely, Request Nos. 65 (Center for Research corporate documents) and 66 (Center for Research contracts with the University), to provide plaintiff with preliminary information on the relationship between the University and the Center for Research. *See Plaintiff's Notice of Agreement for Stay of Discovery* (Dk. 55). *See also* defendants' *Agreed Motion to Stay Discovery* (Dk. 49) and defendants' *Memorandum in Support of Defendants' Motion to Stay Discovery* (Dk. 50).

(c)     Accordingly, the Court stayed discovery by its *Order* (Dk. 55) on May 6, 2015 pending the Court's ruling on the motion to dismiss.  The Court in the same order directed the parties to file a revised planning report with new discovery and other deadlines within 14 days of the Court's eventual ruling on the motion to dismiss.

(d)     Defendants on May 12, 2015 provided to plaintiff *Defendants' Response to Plaintiff's First Set of Requests for the Production of Documents Numbers 65 - 66.  See Notice of Service of Discovery Responses* (Dk. 56).  The response asserted "boiler plate" objections to each request as "overbroad and unduly burdensome" because they sought "any and all" documents or information "concerning, pertaining, regarding, relating, referring" etc. to an issue, event or other factual matter, but as agreed produced eleven responsive documents.   A copy of *Defendants' Response to Plaintiff's First Set of Requests for the Production of Documents Numbers 65 – 66* is attached hereto as Exhibit B.

(e)     Shortly thereafter, second and third motions to dismiss were filed by the remaining defendants.  *See Motion to Dismiss of University of Kansas Center for Research, Inc.* (Dk. 61) (also alleging "arm of the state" immunity from suit in federal court under the Eleventh Amendment) and *Motion to Dismiss by Dr. Gray-Little* (Dk. 63).

3

(f)      On July 28, 2015, the Court ruled on the first motion to dismiss filed by the University and Drs. Vitter, Warren and Heppert, granting the motion in part and denying the motion in part (rejecting the University's and the individual defendants' Eleventh Amendment assertions).  *See Memorandum and Order* (Dk. 79).

(g)      On August 21, 2015, the Court ruled on the second and third motions to dismiss filed by the Center for Research and Dr. Gray-Little.  *See Memorandum and Order* (Dk. 83).

(h)      The Court's rulings did not resolve the "arm of the state" immunity issue as to the Center for Research, based on the need for additional information.  Accordingly, the Court granted plaintiff's request to conduct full discovery on the "arm of the state" issue, but with discovery on all other issues remaining stayed.

(i)      As directed in the Court's earlier May 6, 2015 *Order* (Dk. 55) staying discovery, the parties on September 11, 2015 submitted their *Joint Planning Report for Remaining Deadlines* (Dk. 87) which, *inter alia,* lifted the stay of discovery to allow discovery on the "arm of the state" issue, including the Arm-of-the-State Document Requests, until December 15, 2016.

(j)      The Court entered its formal *Amended Scheduling Order* (Dk. 89) on September 15, 2015, lifting the discovery stay regarding the "arm of the state" assertion and setting various deadlines, including completion of discovery on the "arm of the state" assertion by December 15, 2015, followed by a dispositive motion on the issue by February 5, 2016.

(k)      *First Golden Rule Letter.*  Anticipating the Court's formally lifting the stay regarding the Center for Research as an immune "arm of the state" entity, plaintiff on September 10, 2015 provided a "Golden Rule" letter to defendants covering Request Nos. 65 and 66 of the Arm-of-the-State- Document Requests which defendants had objected to on May 12, 2015, as well as the remaining eight Arm-of-the-State- Document Requests (Request Nos. 67 – 74), anticipating similar objections.  A copy of plaintiff's September 10, 2015 "Golden Rule" letter is

4

attached hereto as Exhibit C.  Plaintiff's letter identified the inadequacies of defendants' "boiler plate" objections, but nonetheless offered narrowed requests and offered to "meet and confer" with defendants' counsel in Topeka, Kansas.[1]

(l)     *Responses Not Filed.*  Because the Court had lifted the stay as to the "arm of the state" assertion on September 15, 2015, responses to and production under all ten Arm-of-the-State Document Requests (Request Nos. 65 – 74) were due thirty days later, Fed.R.Civ.P. 34(b)(2)(a), namely, October 15, 2015.  No responses have been submitted and defendants are in default, other than the May 12, 2015 "boiler plate" objections and partial production under Request Nos. 65 and 66.

(m)     *Second Golden Rule Letter and Reminder.*  When counsel for defendants had not replied to the first Golden Rule letter and, further, had defaulted by not formally responding to the Arm-of-the-State Document Requests by the October 15, 2015 due date, counsel for plaintiffs on October 21, 2015 sent defendants' counsel a "Golden Rule" reminder letter, attached as Exhibit D, again offering to meet and confer in Topeka.  Counsel for plaintiff was aware that the associate counsel working on the case had changed employment and that lead counsel was busy.

(n)     The same day a different associate attorney contacted counsel for plaintiff, explaining that he was new on the file and that he and/or lead counsel would be back with counsel for plaintiff as soon as possible.  A copy of counsel's email is attached as Exhibit E.

(o)     *Third Golden Rule Letter and Reminder*.  While counsel for plaintiff hoped to hear from counsel for defendants, no word was forthcoming.  Accordingly, on November 9, 2015, with only four days remaining for filing a motion to compel production under D.Kan. Rule 37.1(b) (motion to compel to be filed within 30 days of default), counsel sent defendants' counsel a third Golden Rule letter and reminder.  A copy is attached hereto as Exhibit F.

---

[1] Counsel for plaintiff is in Kansas City, Missouri.

PLAINTIFF'S CERTIFIED MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY DEFENDANTS
UNIVERSITY OF KANSAS AND
UNIVERSITY OF KANSAS CENTER FOR RESEARCH, INC.

(p)     Lead counsel for defendants contacted counsel for plaintiff by email on November 10, 2015 suggesting a telephone conference for the following afternoon, November 11, 2015, to which counsel for plaintiff agreed.

(q)     Counsel had the conference call on November 11, 2015 as agreed and discussed extending the time for discovery responses and a motion to compel, including exchanging draft requests for an extension of time.  Counsel for defendants agreed to provide formal responses to the ten Arm-of-the-State Document Requests and to produce an initial installment of documents on November 13, 2015.  However, after reporting and discussing the matter with plaintiff, counsel for plaintiff at this point does not have authority to apply for or agree to extensions of time.

### Questions Presented

1.     Whether defendants' objections to Arm-of-the-State Document Request Nos. 65 and 66 as "overbroad and unduly burdensome" should be overruled and production without objection ordered.

2.     Whether defendants have waived all objections to Arm-of-the-State Document Request Nos. 67 – 74 by defaulting (now nearly two months out of time) and production without objection should be ordered.

### Argument

*Defendants' Objections to*
*Arm-of-the-State Request Nos. 64 and 65 Are Insufficient*

<u>*Request No. 65*</u>

1.     Request No. 64, *see* Exhibit A, seeks corporate documents, *e.g.,* articles of incorporation, bylaws, resolutions, etc. of the Center for Research and other documents, *e.g.,* correspondence, notes, emails, memoranda, etc. regarding the relationship between the Center for Research and the University, as follows:

<u>Request No. 65</u>.  *University of Kansas Center for Research, Inc. – Corporate Documents*.   The articles of incorporation, including all amendments thereto and

6

restatements thereof; the bylaws, including all amendments thereto and restatements thereof; and the minute book of the KU Center for Research and all documents relating to any relationship between or among the University, the KU Center for Research and the Research and Graduate Studies program of the University.

2.      Defendants objected to the request, *see* Exhibit B, as "overbroad and unduly burdensome," specifically:

> Defendants object to the request for "all documents relating to any relationship between or among the University and the KU Center for Research ("KUCR") and the Research and Graduate Studies program as overbroad and unduly burdensome. *See In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 576 (D.Kan. 2009) (quoting *Johnson v. Kraft Foods N. Am., Inc.,* 238 F.R.D. 648, 658 (D.Kan 2006)(discovery requests seeking "all documents" "relating to" a broad subject are facially overbroad). Further, the request has no temporal limitation on its scope. *See Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 674 (D.Kan. 2003)(finding discovery with no temporal scope facially overbroad).

3.      Defendants, however, as agreed as part of the May 2015 stay of discovery produced the Center for Research's articles of incorporation, bylaws and amendments (nine documents in all).

4.      The objection is not well taken and should be overruled. While generally "omnibus" discovery requests seeking "any and all" documents or information "concerning, pertaining, regarding, relating, referring" etc. to an issue, event or other factual matter are improper as unduly burdensome on their face,[2] that is not the case if the "omnibus phrase modifies a sufficiently specific type of information, document or event rather than large or general categories of information or documents . . . ." *In re Urethane Antitrust Litigation,* 262 F.R.D. 570, 576 (D.Kan. 2009)(omnibus phrase that modifies "sufficiently specific type of information, document or event" is not objectionable as unduly burdensome). *Accord Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 658 (D.Kan. 2005); *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D.Kan. 2003); *McKellips v. Kumho Tire Co., Inc.*, No. 13-cv-2393-JTM-TJJ (D.Kan. April 15, 2015)("'all documents' relating to certain specific categories of

---

[2] "Requests which are worded too broadly or are too all inclusive of a general topic function like a giant broom sweeping everything in their path, useful or not. They require the respondent either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request. The court does not find that reasonable discovery contemplates that kind of wasteful effort." *Audiotext Communications v. U. S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 18759, at *1 (D.Kan. Jan. 15, 1995).

7

information" not objectionable)(copy attached as Exhibit G); *McCoy v. Deffenbaugh Industries, Inc.*, No. 04-2353-KHV-DJW (D.Kan, May 2, 2005)("all organizational documents which refer to, relate to or concern" defendant corporation "including, but not limited to, articles of incorporation, by-laws, annual reports, certificates and/or letters of good standing" not objectionable as overly broad)(copy attached as Exhibit H).[3]

5.      Further, if an objection is made to a discovery request as unduly burdensome, overly broad or oppressive, the objecting party must describe with particularity why the discovery request is unduly burdensome, overly broad or oppressive.  Defendants have not done this. According to the court in *Conagra Foods Food Ingredients Company, Incorporated v. Archer Daniels Midland Company*, No. 12-cv-2172-EFM (D.Kan. April 18, 2014)(copy attached as Exhibit K):

> A party asserting an undue burden objection, however, must typically set forth facts justifying the objection "by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."  This means the objecting party must show "not only undue burden or expense but that the burden or expense is unreasonable in light of the benefits to be secured from discovery."  This imposes an obligation "to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." *Typically, this showing is made through an "affidavit or other evidentiary proof of the time or expense involved*."

*Conagra Foods* at 2 (emphasis added), *citing G.D. v. Monarch Plastic Surgery, P.A.,* No. 06-2184-CM, 2007 WL 201150, at *2 (D.Kan. Jan. 22, 2007); *Heartland Surgical Specialty Hospital v. Midwest Division, Inc.,* No. 05-2164-MLB-DWB, 2007 WL 3171768, at *2 (D.Kan. Oct. 29, 2007); *Sonnino v. University of Kansas Hospital Authority*, 220 F.R.D. 633, 653 (D.Kan. 2004).

6.      Defendants' objections that the requests are "overbroad and unduly burdensome" are not well taken.  They do not, by affidavit or other evidence, set forth facts demonstrating how or why the document requests are overbroad or unduly burdensome.  Further, in each instance, any "omnibus"

---

[3] *See also Lipari v. U. S. Bancorp, N.A.,* No. 07-cv-2146-CM-DJW (D.Kan. October 16, 2008)(copy attached as Exhibit I); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 381-382 (D.Kan. 2005); *Sonnino v. University of Kansas Hospital Authority*, 221 F.R.D. 661, 667-668 (D.Kan. 2004); and *Stoldt v. Centurion Industries, Inc.*, No. 03-cv-2634-CM-DJW (D.Kan. February 3, 2005)(copy attached as Exhibit J).

PLAINTIFF'S CERTIFIED MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY DEFENDANTS
UNIVERSITY OF KANSAS AND
UNIVERSITY OF KANSAS CENTER FOR RESEARCH, INC.

language modifies specific categories of information or specifically identified documents, particularl as narrowed in the First Golden Rule Letter, Exhibit C, discussed below.

7.      Finally, to the extent they are objected to as without a temporal scope,[4] Request No. 66 includes an explicit date range and the "Instructions and Definitions" section of the Requests, at para. 9, limits the time period to that of Dr. Moore's employment as Assistant Scientist and Director of the Microscopy and Analytical Imaging Laboratory, as follows:

> 9.  Unless otherwise stated, the applicable time period for documents sought in these requests is December 1, 2004 (the date plaintiff David Moore's employment began as Director of the MAI Lab) through the date of responding to these requests, subject to your continuing duty to supplement your production under to Fed.R.Civ.P. 26(e).

8.      In addition, plaintiff in the first Golden Rule letter back in September explained why the request was drafted in the manner it was and, further, offered to narrow the request, as follows:

> As to "any relationship between or among the University and the Center for Research and the Research and Graduate Studies Program," when propounded we did not know what the nature of the relationship was between the University and the Center for Research.  We now know about the Employee Services Agreement, June 14, 2009, and the Affiliation Agreement, December 21, 2004.  For "Golden Rule" purposes, please consider the request modified to "documents [as defined in the "Instructions and Definitions" section of the Requests, at para.10(e), (f) and (g)] relating to any contractual or operational relationships between or among the University, the Center for Research and/or the Research and Graduate Studies Program."  Much of this information likely is to be found in separate corporate files and should be produced.  These are particularly important.  Regardless of how the corporation was formed *de jure*, these documents are important to show how the corporation was actually operated *de facto* and the reasons behind its formation.

### *Request No. 66*

9.      Request No. 66 seeks contracts between with the University and the Center for Research and correspondence regarding the contracts, as follows:

---

[4] Discovery requests without temporal limitations are unduly burdensome.  *Hock Foods, Inc. v. William Blair & Co.*, No. 09-cv-2588-KHV, 2011 WL 884446, at *7 n. 61 (D.Kan. Mar. 11, 2011); *Stouder v. M & A Tech, Inc.*, No. 09-4113-JAR, 2011 WL 673763, at *4 (D.Kan. Feb. 17, 2011); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D.Kan. 2003).

Request No. 66. *University of Kansas Center for Research, Inc. – Contracts with University.* All documents constituting of contracts and agreements between the University and the KU Center for Research, Inc., including amendments thereto and correspondence regarding such contracts and agreements from December 1, 2004 through the date of responding to these requests.

10.    Defendants again objected to the request as "overbroad and unduly burdensome," *see* Exhibit B, specifically:

Defendants object to the request for correspondence regarding contracts and agreements between the University and KUCR as overbroad and unduly burdensome. *See In re Urethane Antitrust Litig., supra,* 261 F.R.D. at 576.

11.    Defendants, however, as agreed as part of the May 2015 stay of discovery produced two contracts between the University and the Center for Research.

12.    The objection is insufficient for the same reasons as the objection to Request No. 65. The request is sufficiently specific. Defendants have not described with particularity why the discovery request is unduly burdensome, overly broad or oppressive, by affidavit or otherwise demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome including sufficient detail in terms of time, money and procedure required to produce the requested documents.

*Because Defendants Have Not Responded to Request Nos. 67 – 74,*
*Any Objections are Waived and Production Should be Ordered*

13.    Defendants' responses to the Arm-of-the-State Document Requests were due within thirty days of the Court's September 15, 2015 *Amended Scheduling Order* (Dk. 89), nearly two months ago. Counsel for plaintiff has submitted three Golden Rule and Golden Rule reminder letters over the last two months, yet counsel for defendant did not contact counsel for plaintiff to discuss the matter until this past Wednesday, 55 days after the Court's *Amended Scheduling Order* (Dk. 89) lifting the discovery stay on the ten pending Arm-of-the-State Document Requests.

14.    Failure to respond to discovery requests constitutes a waiver of any objections that could be made unless "good cause" is shown. *Farha v. Badridbeis*, Case No. 09-1059-JTM, *Memorandum and Order,* (D.Kan. August 10, 2010), a copy of which is attached as Exhibit L. In *Farha*, on facts very

similar to those in this case, the due date for discovery requests was in late September, but responses, including numerous objections, were not provided until early December, approximately six weeks late, notwithstanding two written inquiries and reminders by the propounding party in the intervening October and November before filing a motion to compel discovery.  The court held the failure objections were waived as not timely asserted.  According to the court in *Farha, supra*:

> The Tenth Circuit has interpreted "good cause" narrowly, rejecting assertions of inadvertence or neglect. [Citation omitted].  Generally a party asserting good cause "must show that despite due diligence it could not have reasonably met the scheduled deadlines."  *Deghand v. Wal-Mart Stores, Inc.* ,904 F.Supp. 1218, 1221 (D.Kan. 1995). Carelessness and a lack of prejudice to the nonmovant does not show "good cause."

*Id. See also First Savings Bank, F.S.B. v. First Bank System, Inc.*, 902 F.Supp. 1356, 1360 - 1361 (D.Kan. 1995)("a party waives its discovery objections by seriously disregarding its discovery obligations as described in subdivision (d) [Fed.R.Civ.P. 37(d)].  Those described acts are where a party fails to appear for a deposition, to answer interrogatories, or to respond to a request for inspection."); and *Starlight International, Inc. v. Herlihy*, 181 F.R.D. 494, 496-497 (D.Kan. 1998).

℀

15.    The situation is exacerbated by the fact that the Court by its *Amended Scheduling Order* (Dk. 89) set December 15, 2015 as the deadline for conducting discovery on the Eleventh Amendment immunity arm-of-the-state issue.    Defendants' failure to timely respond to the Arm-of-the-State Document Requests has left little time to complete discovery by December 15, 2015, including production and evaluation of the requested documents and a Fed.R.Civ.P.30(b)(6) corporate designee deposition.

16.    A form of order is being submitted to the Court's chambers contemporaneously herewith that:

(a)    Overrules the objections to Request Nos. 65 and 66;

(b)    Orders the immediate production of all documents within the scope of Request Nos. 65 and 66 without objection; and

(c)     Orders the immediate production of all documents within the scope of Request Nos. 67 through 75 without objection.

                              Respectfully submitted,


                              _____/s/ Daniel R. Cofran_____
                                    Daniel R. Cofran, Esq.
                              Kansas Supreme Court Enrollment No. 23258

                              1000 W. 70th St.
                              Kansas City, Missouri
                              Phone:  816-363-1218
                              Email:  dcofan@swbell.net

                              ATTORNEY FOR PLAINTIFF DAVID S. MOORE, PH.D.


### Fed.R.Civ.P. 37(a)(1) and D.Kan. Rule 37.2 Certification

The undersigned hereby certifies that he has in good faith conferred with and attempted to confer with counsel for defendants the University of Kansas and the University of Kansas Center for Research, Inc. in an attempt to secure discovery as set forth in this motion, including particularly the steps described in para. 4 above and the exhibits attached hereto, incorporated by reference into this certification.

Date:   __November 13, 2015__          _____s/ Daniel R. Cofran_____
                                          Daniel R. Cofran, Esq.


### Certificate of Service

The undersigned hereby certifies that copies of the above and foregoing Plaintiff's Certified Motion to Compel Production of Documents by Defendants University of Kansas and University of Kansas Center for Research, Inc. Together with Legal Memorandum in Support were mailed by first class mail, postage prepaid; or sent by facsimile; hand delivery; electronic mail and/or filing with the Court's EM/ECF electronic filing system, as indicated, this 13th day of November, 2015, to:

David R. Cooper, Esq.              (By the Court's EM/ECF electronic filing system)
Kevin J. Grauberger, Esq.         (By CM/ECF Electronic Filing)
Fisher, Patterson, Sayler & Smith, L.L.P.
3550 SW 5th Street
P.O. Box 949
Topeka, Kansas  66601-0949

                              12

Attorneys for defendants University of Kansas, University of Kansas Center for Research, Inc., Bernadette Gray-Williams, Jeffrey S. Vitter, Steven F. Warren and Joseph P. Heppert.

_____/s/ Daniel R. Cofran_____
                  Daniel R. Cofran

13