IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

DAVID S. MOORE, Ph.D,

        Plaintiff,

Vs.                                                      No.  14-2420-SAC

UNIVERSITY OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the defendants' motion pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss count three of the plaintiff's second amended complaint. (Dk. 95). The plaintiff David S. Moore's 131-page second amended complaint asserts a number of legal theories arising from his suspension, alleged hostile work environment, and eventual termination from the position of Assistant Scientist and Director of the Microscopy Analysis and Imaging Laboratory ("MAI Lab") at the University of Kansas ("KU"). Specifically, count three relies on the National Defense Authorization Act, Pilot Program for Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information ("NDAA"), 41 U.S.C. § 4712, et seq. The plaintiff here alleges that he exercised rights as a whistleblower in disclosing mismanagement, waste, abuses, non-compliance with federal grants and contracts, and violations of related laws, rules and regulations, and that he was suspended, subjected to a hostile work

environment, discriminated against, and eventually discharged in retaliation for his whistleblowing activities. This count is brought against the University of Kansas Center for Research ("KUCR"), Bernadette Gray-Little, Jeffrey S. Vitter, Steven F. Warren, and Joseph A. Heppert. Moore is asking for retrospective monetary relief against KUCR and prospective injunctive relief against KUCR and the individual defendants in their official capacities.

On the initial motion to dismiss this count on Rule 12(b)(6) grounds filed by the defendants Vitter, Warren and Heppert, the court read § 4712 as imposing an exhaustion of administrative remedy requirement that was of a jurisdictional character. (Dk. 79, p. 14). Thus, the court construed the defendants' motion as brought under Rule 12(b)(1) and the plaintiff's response as conceding his failure to allege exhaustion. Finding circumstances warranting an exception to the rule of federal jurisdiction being determined from the facts existing when the complaint is filed, the court granted time for the plaintiff to cure his pleading deficiency:

> Thus, the court will give the plaintiff some reasonable time to cure this pleading deficiency. The plaintiff will have 20 days from this order to file either an amended claim with curative allegations for this exhaustion requirement or a report as to the status of the administrative proceedings with an estimate on when curative allegations may be offered.

(Dk. 79, pp. 15-16). On the motions to dismiss filed by Gray-Little and KUCR, the court applied the same ruling here on exhaustion and also directed the plaintiff to address the pleading deficiency on what contracts were awarded or modified after July 1, 2013. (Dk. 83, p. 26). In response to

the plaintiff's second amended complaint, (Dk. 90), the defendants renew their motion to dismiss arguing the plaintiff's failure to exhaust administrative remedies prior to initiating the lawsuit and failure to allege facts sufficient to state a NDAA claim.

**STANDARDS GOVERNING MOTION**

Rule 12(b)(1) motions are typically either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995). A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject matter jurisdiction. *See Holt*, 46 F.3d at 1002. In reviewing a facial attack on the complaint, the court must accept all allegations in the complaint as true. *Id*. With a factual attack, "the district court may not presume the truthfulness of the complaint's factual allegations," but it "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*; *see Los Alamos Study Group v. U.S. Dept. of Energy*, 692 F.3d 1057, 1064 (10th Cir. 2012).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

As laid out in its prior orders, the court interprets § 4712(c) as requiring the complainant to exhaust all administrative remedies before bringing a de novo action in district court. In his second amended complaint, the plaintiff alleges exhaustion based on these facts. Pursuant to the NDAA,

he filed with the Offices of Inspector General of the National Science Foundation ("NSF") and the United States Department of Health and Human Services ("HHS) on December 1, 2014, "a Joint Administrative Complaint for Mismanagement, Waste, Abuse of Authority, and Violation of Laws, Rules and Regulations of the United States Related to Federal Contracts and Grants." (Dk. 90, ¶ 109). Moore waited more than three months after filing his federal court action to file his joint administrative complaint with these regulatory agencies.

"If the head of an executive agency . . . has not issued an order within 210 days after the submission of a complaint . . ., the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may bring a de novo action at law or equity against the contractor or grantee . . . ." 41 U.S.C. § 4712(c)(2). Moore alleges that the 210 days expired as of July 1, 2015, and that neither the NSF nor the HHS has issued an order denying him relief or otherwise ruling on his complaint. (Dk. 90, ¶ 110). Both agencies, however, informally advised Moore's counsel as to their reasons for not issuing an order. A NSF investigator said the plaintiff's complaint was closed for lack of jurisdiction in that the administrative complaint did not involve grants or cooperative agreements after the NDAA's effective date of July 1, 2013. (Dk. 90, ¶ 110 (a)). An HHS investigator said the complaint would not be investigated because "the matter has been previously addressed in another federal or

state judicial or administrative proceeding initiated by the complainant" and referred to this pending federal suit. (Dk. 90, ¶ 110 (b)).

The defendants renew their argument for dismissal in that the plaintiff did not even file an administrative complaint prior to his federal suit and, therefore, the court plainly lacked subject matter jurisdiction of this claim when first filed. The defendants ask the court to reconsider applying here, *Mires v. United States*, 466 F.3d 1208, 1212 (10th Cir. 2006), which recognizes an exception to the rule that federal jurisdiction is generally determined from the facts existing when the complaint is filed. The defendants argue the importance of an agency being able to investigate such complaints and to provide any appropriate administrative remedy. The defendants say this opportunity was short-circuited by the plaintiff filing his premature lawsuit which one of the agencies even regarded as precluding their subsequent investigation.

The plaintiff responds that the court rightly allowed him to amend his complaint and that it now sufficiently alleges exhaustion. While the court did grant leave to the plaintiff to amend his complaint, it has not ruled on whether the timing and content of these amended allegations are adequate to meet the exhaustion requirement. Thus, the court allowed the amendment primarily to learn the relevant facts concerning exhaustion and to have the parties consider and then address their positions more fully.

The general rule as cited by the plaintiff is that a procedural rule,

like exhaustion, "is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.'" *Gonzalez v. Thaler*, 565 U.S. ---, 132 S.Ct. 641, 648 (2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)). A premature complaint that is filed before the plaintiff satisfies the jurisdictional prerequisite of exhausting administrative remedies generally "cannot be cured through amendment, but instead, plaintiff must file a new suit." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)(internal quotation marks and citation omitted). The Tenth Circuit in *Duplan* explained:

> Allowing claimants generally to bring suit under the FTCA [Federal Tort Claims Act] before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system. *See McNeil [v. United States]*, 508 U.S. [106] at 112 [(1993)]; *Sparrow [v. USPS]*, 825 F. Supp. [252] at 255 [(E.D. Cal. 1993)]. "Congress intended to require complete exhaustion . . . before invocation of the judicial process." *McNeil*, 508 U.S. at 112.

*Duplan*, 188 F.3d at 1199. There is an exception to this general rule which this court noted in its prior order and quoted from *Mires v. U.S.*, 466 F.3d 1208, 1212 (10th Cir. 2006):

> We recognize that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). But like most rules, "this one is susceptible to exceptions." *Id*. One such exception arises when a district court allows an amendment by the parties to cure an exhaustion problem—the precise situation in *Diaz*, 426 U.S. at 75, 96 S.Ct. 1883; *Duplan v. Harper*, 188 F.3d 1195, 1199–1200 (10th Cir. 1999); and here.

(Dk. 79, p. 15). The most significant element to this exception is that the parties agree on the amended complaint and on it effectively constituting a new action. *Mires*, 466 F.3d at 1211; *Duplan*, 188 F.3d at 1199-1200. Because this significant element is not present here, the court may not rely on this exception.

The court remains confident that the NDAA exhaustion prerequisite is of a jurisdictional character for the reasons stated in its earlier order. (Dk. 79, pp. 13-14); *See Feldman v. L. Enf't Associates Corp.*, 752 F.3d 339, 346 (4th Cir. 2014) (parallel requirement in Sarbanes-Oxley read by several courts as jurisdictional perquisite). The terms of § 4712 are plain enough to conclude that the Legislature regarded as a threshold limitation to jurisdiction the filing of an administrative complaint with the "Inspector General of the executive agency" pursuant to (b)(1) with an opportunity for the agency to act upon the complaint pursuant to (b)(1) and (c)(1). The statute provides that upon these limitations being met:

> the complainant shall be deemed to have <u>exhausted all administrative remedies</u> with respect to the complaint, <u>and</u> the complainant <u>may bring a de novo action</u> at law or equity against the contractor or grantee to seek compensatory damages and other relief available under this section <u>in the appropriate district court of the United States</u>, <u>which shall have jurisdiction over such an action</u> without regard to the amount in controversy.

41 U.S.C. § 4712(c)(2) (underlining added). Absent reading this as a jurisdictional prerequisite, the exhaustion of administrative remedies would be completely circumvented when the executive agency declined to

investigate due to the already pending federal lawsuit. § 4712(b)(1). The HHS took this very position with regard to Moore's administrative complaint.

Because the requirement of filing an administrative complaint here is jurisdictional, the district court must dismiss count three without prejudice for lack of subject matter jurisdiction because the plaintiff did not file the administrative complaint prior to the federal lawsuit. Courts must dismiss these claims "without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 Fed. Appx. 862, 863 (10th Cir.), *cert. denied*, 133 S. Ct. 137 (2012). Without the defendants' consent to treat the amended complaint as a new action, the court will not apply the limited exception to the rule that an amended complaint will not cure a prematurely filed original complaint.

IT IS THEREFORE ORDERED that the defendants' motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss count three of the plaintiff's second amended complaint for lack of subject matter jurisdiction (Dk. 95) is granted.

Dated this 17th day of December of 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge