**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID S. MOORE, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-2420-SAC |
| | ) |
| UNIVERSITY OF KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the court upon Defendants' Objection to Plaintiff's Expert Witness Disclosure and Motion to Limit Expert Witnesses' Testimony (ECF No. 138). Plaintiff David S. Moore, Ph.D., timely filed his response.[1] Defendants' motion argues that plaintiff's expert disclosures do not comply with Fed. R. Civ. P. 26(a)(2)'s requirements and that plaintiff's experts' testimony should therefore be limited. For the below stated reasons, defendants' motion is denied.

**I.    Background**

Dr. Moore filed this action on August 25, 2014. But substantive discovery did not begin until February 2016.[2] In his Second Amended Complaint, Dr. Moore alleges violations of his rights under the Americans with Disabilities Act ("ADA");[3] the Rehabilitation, Comprehensive Services and Developmental Disabilities Act ("Rehabilitation Act");[4] National Defense Authorization Act, Pilot Program for Enhancement of Contractor Protection from Reprisal for

---

[1] Mem. in Opp'n, ECF No. 149.

[2] Notice of Service, ECF No. 123.

[3] 42 U.S.C. § 12,101, *et seq*.

[4] 29 U.S.C. § 701, *et seq*.

Disclosure of Certain Information ("NDAA");[5] False Claims Act, ("FCA");[6] The Civil Rights Act of 1871;[7] and the whistleblower exception for retaliatory discharge to the Kansas common-law policy on at-will employment.  Dr. Moore's claims arise out his suspension and ultimate termination as the Director of the University of Kansas Microscopy and Analytical Imaging Laboratory, Lawrence Campus.[8]

## II.     Discussion

The current dispute involves Dr. Moore's expert witness disclosures.  On February 8, 2016, Dr. Moore served his expert disclosures, identifying no retained experts and two non-retained experts: Kay Freyer-Rose and Dr. James L. Donley.[9]  Defendants argue that the scope of testimony described in Dr. Moore's disclosures exceeds what is allowed by Fed. R. Civ. P. 26(a)(2)(A) and would have required a retained expert report under Fed. R. Civ. P. 26(a)(2)(B).  Because no retained expert reports were disclosed, defendants argue that Dr. Moore's experts' testimony should be limited to information they learned from treating and diagnosing Dr. Moore's Attention Deficit Disorder.

### a.  Expert disclosures under the Federal Rules

Fed. R. Civ. P. 26(a)(2) governs the disclosure of expert testimony.  "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence

---

[5] 41 U.S.C. § 4712, *et seq.*

[6] 31 U.S.C. § 3730, *et seq.*

[7] 42 U.S.C. § 1983.

[8] Am. Comp., at 1, ECF No. 90.

[9] Certificate of Service, ECF No. 134.

under Federal Rule of Evidence 702, 703, or 705."[10] "If the witness is one retained or specially employed to provide expert testimony in the case" expert disclosures "must be accompanied by a written report – prepared and signed by the witness" and contain: (1) a statement of the expert's opinions and reasons for them; (2) all facts or data considered by the witness; (3) any exhibits to be used by the expert; (4) the expert's qualifications including all publications for the last ten years; (5) a list of all testimony given in the past four years; and (6) how much the expert is being compensated.[11] Non-retained expert disclosures need only identify the subject of the witnesses' testimony and "a summary of the facts and opinions to which the witness is expected to testify."[12]

To determine whether a treating physician should be considered a retained or non-retained expert, courts look at the content of the expert's proposed testimony.[13] If the expert's proposed testimony includes information solely about his or her treatment of the patient, the treating physician may be designated under Rule 26(a)(2)(A) and need not provide a formal report.[14] If the expert's proposed testimony goes beyond information learned during the patient's treatment, and he or she plans to offer an expert opinion on a matter outside his or her treatment of the patient, he or she must disclose a report under Rule 26(a)(2)(B).[15]

---

[10] Fed. R. Civ. P. 26(a)(2)(A).

[11] Fed. R. Civ. P. 26(a)(2)(B).

[12] Fed. R. Civ. P. 26(a)(2)(C).

[13] *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014).

[14] *Id.* (citing *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 2195760, at *2 (D. Kan. July 22, 2009).

[15] *Id.*

### b. Dr. Donley's testimony

Defendants seek to limit Dr. Donley's testimony to his diagnosis of Dr. Moore in February 2009.[16] Dr. Moore disclosed Dr. Donley as a non-retained expert under Rule 26(a)(2)(A).[17] Dr. Moore disclosed that Dr. Donley is a board certified psychiatrist and that he examined Dr. Moore and diagnosed him with Attention Deficit Disorder.[18] Defendants have no objection to Dr. Donley's testimony so long as it is limited to Dr. Donley's February 2009 diagnosis.[19] Dr. Moore "agrees that Dr. Donley's testimony should be limited to his diagnosing Dr. Moore with ADHD [Attention Deficit Hyperactivity Disorder] during an appointment in February 2009."[20] Therefore, Dr. Moore correctly designated Dr. Donley as a non-retained expert and properly disclosed him to defendants under Rule 26(a)(2)(A). The parties agree that the proper scope of Dr. Donley's testimony is limited to his diagnosis of Dr. Moore's condition in 2009. Defendants' reply brief states that this issue may even be moot because the parties are now in agreement about the scope of Dr. Donley's testimony.[21] The court will not therefore enter an order limiting his testimony. To the extent that defendants seek such an order, it is denied.

### c. Ms. Freyer-Rose's testimony

---

[16] Obj. to Pls.' Expert Witness Disclosure at 5–6, ECF No. 138.

[17] Obj. to Pls.' Expert Witness Disclosure, ECF No. 138, Ex. A Pl.'s Expert Witness Disclosure at 7–8.

[18] *Id.* at 8.

[19] Obj. to Pls.' Expert Witness Disclosure at 6, ECF No. 138.

[20] Mem. in Opp'n at 6, ECF No. 149.

[21] Reply at 9, ECF No. 158.

4

Dr. Moore's main treating physician and expert witness is Ms. Freyer-Rose.[22] Ms. Freyer-Rose has a master's degree in counseling, among other qualifications, and has been treating Dr. Moore since August 2008 on a weekly or bi-weekly basis.[23] Dr. Moore disclosed Ms. Freyer-Rose as a non-retained expert providing a thorough description of the subject matter and opinions about which she expects to testify.[24] In Dr. Moore's disclosures, he states that Ms. Freyer-Rose read the agency record produced by Defendant University of Kansas in a related state-court action.[25] Additionally, Dr. Moore indicated which of Ms. Freyer-Rose's opinions were based on her review of the agency record.[26]

Defendants assert that Ms. Freyer-Rose's proposed testimony exceeds the scope of Rule 26(a)(2)(A) to the extent that her opinions are based on her review of the agency record. They argue that her testimony should be limited to information she obtained through her treatment of Dr. Moore.[27] Specifically, defendants oppose Ms. Fryer-Rose's opinions that Dr. Moore's "supervisors 'leaned on' the vulnerabilities of the disorder created in Dr. Moore, when it served their purposes."[28] Additionally, Ms. Freyer-Roses's proposed testimony includes opinions that Dr. Moore was subjected to "'academic bullying' with instances of 'mobbing.'"[29]

---

[22] Obj. to Pls.' Expert Witness Disclosure, ECF No. 138, Ex. A Pl.'s Expert Witness Disclosure at 1–7.

[23] *Id.* at 2–3.

[24] *Id.* at 1–7.

[25] *Id.* at 4.

[26] *Id.* at 5–7.

[27] Obj. to Pls.' Expert Witness Disclosure at 4–5, ECF No. 138.

[28] Obj. to Pls.' Expert Witness Disclosure, ECF No. 138, Ex. A Pl.'s Expert Witness Disclosure at 5.

[29] *Id.* at 7.

Dr. Moore now agrees that Kay Freyer-Rose should have been designated as a retained expert to the extent that she relied on facts learned outside of his treatment.[30] Although she has been treating Dr. Moore for years, the disclosures also clearly indicate that she read the agency record that was produced in the state court action. Dr. Moore seeks to correct or amend his disclosures to designate Ms. Freyer-Rose as a retained expert and to submit her 26(a)(2)(B) report.[31]

When the rules for expert disclosures are violated, the court may prohibit the use of the improperly disclosed "information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[32] Whether a violation is justified or harmless is left to the discretion of the court.[33] The court generally considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness."[34] The party who failed to make a proper disclosure bears the burden to show substantial justification and a lack of harm, but the court should bear in mind that excluding expert testimony is a drastic sanction.[35]

---

[30] Mem. in Opp'n at 4, ECF No. 149.

[31] *Id.* at 9–10.

[32] Fed. R. Civ. P. 37(c)(1).

[33] *See, e.g.*, *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV-JPO, 2013 WL 1819773, at *7 (D. Kan. Apr. 30, 2013) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[34] *Chambers v. Fike*, 2014 WL 3565481, at *4 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[35] *Id.* (citing *A.H. v. Knowledge Learning Corp.*, No. 09–2517–DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010)).

Dr. Moore concedes that he should have disclosed Ms. Freyer-Rose as a retained expert under Rule 26(a)(2)(B).  But the circumstances of his improper disclosure make the drastic remedy of limiting or excluding Ms. Freyer-Rose's testimony inappropriate for several reasons.  The disclosures Dr. Moore did make were specific enough that defendants knew they objected to the scope of Ms. Freyer-Rose's testimony within days.  And defendants have not yet made their own expert disclosures.[36]  Despite the filing date of this case, it is still early in discovery.  As discussed above, the parties just issued their first set of discovery on the merits of this case in early February, and the discovery deadline is not until August 31, 2016.[37]  Although some depositions have taken place, Dr. Moore confirms that Ms. Freyer-Rose's deposition is not yet scheduled.  And no trial date has been set.

Importantly, there is no evidence of bad faith.  Dr. Moore's counsel responded to defendants' concerns and indicated that he agreed with their view of the expert disclosures, seeking only to correct the disclosure to comply with Rule 26(a)(2)'s requirements.  Ms. Freyer-Rose is already preparing an expert report, and Dr. Moore seeks fourteen (14) days to disclose it.  The court declines to limit Ms. Freyer-Rose's testimony at this time and therefore denies defendants' motion.  The court finds that to the extent Dr. Moore's expert disclosures failed to comply with Rule 26(a)(2), his failure was harmless.

In their reply brief, defendants argue that the issue is not whether Dr. Moore should be allowed to amend his expert witness designations but whether he should be allowed to change Ms. Freyer-Rose's designation from a non-retained expert to a retained expert.[38]  Defendants

---

[36] Order, ECF No. 148.  Granting defendants an extension of time to serve expert witness disclosures.

[37] Order, ECF No. 162.

[38] Reply at 4–9, ECF No. 158

suggest that this distinction warrants limiting Ms. Freyer-Rose's testimony to the opinions she formed as Dr. Moore's therapist. Defendants note that they could not find any reported cases on this issue in the District of Kansas but that "numerous other courts have held that parties should be bound by the decisions they make in designating expert witnesses, and should not be granted leave to change those designations over the objection of the opposing party."[39] Defendants cite just three cases in support of this assertion.

The first is an order on a motion for summary judgment from the United States District Court for the District of Maryland.[40] The case involved claims brought by a plaintiff car-buyer against a defendant-seller for violations of the Truth in Lending Act, Maryland Consumer Protection Act, common law torts, and unjust enrichment.[41] The court addressed expert testimony only in the context of whether to grant summary judgment on the plaintiff's claim that the defendant-seller failed to disclose that the car she bought was previously used as a daily rental car.[42] The plaintiff purposefully did not designate any experts because she admittedly did not want to spend money to hire any, even though she conceded that expert testimony was necessary to show the car was devalued by its use as a daily rental car.[43] The court also noted that the time for expert witness designations was long since passed.[44] Waiting to designate an expert because a party does not want to spend money in the event a case may settle is an example

---

[39] *Id.* at 9.

[40] *Jones v. Koons Auto., Inc.*, No. 09-3362-DKC, 2013 WL 3713845, at * 1 (D. Md. July 15, 2013).

[41] *Id.*

[42] *Id.* at *7–8.

[43] *Id.*

[44] *Id.* at *7.

8

of a tactical decision that might warrant limiting or striking noncompliant expert testimony. The situation in the present case is distinguishable in at least two regards. First, Dr. Moore's disclosures were only very recently made, defendants have not yet filed their expert disclosures, and merits discovery has just begun in this case. Dr. Moore disclosed two experts and he gave a relatively thorough description of their proposed testimony. Second, the court does not find that Dr. Moore initially designated Ms. Freyer-Rose as a non-retained expert for any tactical purpose.

The other two cases defendants cite are not persuasive for similar reasons.[45] The court in *Griffith v. Eastern Maine Medical Center*, noted that at the time the order was written plaintiff had made no attempt to amend an improper expert designation despite the issue being raised by opposing counsel in a motion.[46] The court also noted that the rationale for requiring detailed expert reports is to give opposing counsel a chance to depose the expert, to give the opposing party's expert time to respond to the opinions raised, and to do these things all within the discovery deadline before dispositive motions are filed.[47] None of these concerns are present here for the reasons discussed above. Additionally, no experts have been deposed, discovery is ongoing, and the dispositive motion deadline is months away.[48] In fact, the parties filed a joint motion to extend scheduling order deadlines that the court granted.[49]

---

[45] *Home Design Servs., Inc. v. Trumble*, No. 09-0964-WYD-CBS, 2011 WL 662745, at *22 (D. Colo. 2011) (noting that plaintiff could not belatedly designate as late as 2011, an expert it had only identified as a person who might have discoverable information in its initial disclosures in July 2009).

[46] 599 F. Supp. 3d 59, 63, 66 (D. Me. 2009).

[47] *Id.* at 63–64.

[48] Order, ECF No. 89.

[49] Joint Proposed Am. Scheduling Order, ECF No. 159; Order, ECF No. 162.

Dr. Moore shall be granted until **April 11, 2016**, to correct his disclosures by designating Ms. Freyer-Rose as a retained expert and disclosing her report in compliance with Rule 26(a)(2)(B).

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Objection to Plaintiff's Expert Witness Disclosure and Motion to Limit Expert Witnesses' Testimony (ECF No. 138) is denied.

**IT IS FURTHER ORDERED** that plaintiff shall have until **April 11, 2016** to supplement his expert disclosures.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge