**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY, KANSAS**

DAVID S. MOORE, Ph.D., )
)
Plaintiff, ) Case No. 2:14-CV-02420-SAC-KGS
)
vs. ) Hon. Sam A. Crow
)
THE UNIVERSITY OF KANSAS, *et al.*, ) Hon. K. Gary Sebelius
)
Defendants. )

**Filed Electronically CM/ECF**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

COMES NOW plaintiff David S. Moore, Ph.D., by and through his attorney, and herewith moves that the Court grant him leave to file a *Third Amended Complaint for Disability Discrimination and Retaliation, Whistleblowing Retaliation and Deprivation of Constitutional Rights* in the form attached hereto as Exhibit A. In support of his request, plaintiff states:

**Statement of Facts**

1. This is a disability, whistleblower and 42 U.S.C.A. Sec. 1983 employment discrimination, hostile work environment and retaliation action by David S. Moore, Ph.D., who for eight years was the Director of the University of Kansas Microscopy and Analytical Imaging laboratory ("MAI Lab") against the University of Kansas ("University"), the University of Kansas Center for Research, Inc. ("Center for Research") and three of Dr. Moore's superiors arising from his suspension and discharge.

2. Plaintiff's *Second Amended Complaint for Disability Discrimination and Retaliation, Whistleblowing Retaliation and Deprivation of Constitutional Rights* (ECF No. 90), September 21, 2015, is in seven counts, as follows:

(a) *Americans with Disabilities Act.* As a disabled person and an employee of the University of Kansas and the University of Kansas Center for Research, Inc. under Title I of the federal Americans with Disabilities Act, as amended, 42 U.S.C. Secs. 12,101, *et seq.*, because of his disability and in retaliation for exercising his rights as a disabled person under such Act;

(b) *Rehabilitation Act.* As a disabled person and an employee of the University of Kansas and the University of Kansas Center for Research, Inc. under the federal Rehabilitation, Comprehensive Services and Developmental Disabilities Act, 29 U.S.C. Sec. 701, *et seq.*, as amended, because of his disability and in retaliation for exercising his rights as a disabled person under such Act;

(c) *Pilot Program for Contractor Protection from Reprisal for Disclosure.* As a person who exercised his rights as a "whistleblower" and was suspended, subjected to a hostile work environment, discharged and otherwise discriminated against as reprisals for disclosing to management officials and other employees of the University of Kansas and the University of Kansas Center for Research, Inc. information that he reasonably believed was evidence of gross mismanagement of federal contracts or grants, gross waste of federal funds, abuses of authority related to federal contracts or grants, and violations of laws, rules and regulations related to federal contracts in violation of the federal Pilot Program for Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information Act, National Defense Authorization Act for Fiscal Year 2013, 41 U.S.C. Sec. 4712, *et seq.*;

(d) *False Claims Act.* As a person who exercised his rights as a "whistleblower" and was suspended, subjected to a hostile work environment, discharged and otherwise discriminated against as reprisals for lawful acts done by plaintiff in furtherance of his rights under the federal False Claims Act, 31 U.S.C. Sec. 3730, *et seq.*, particularly the provisions of 31 U.S.C. Sec 3730(h) protecting persons from retaliatory employment actions, including his investigating and requesting information to stop what he reasonably believed was evidence of fraud and mismanagement of federal contracts or grants, including presenting false or fraudulent claims for federal funds and making false records or statements material to a false or fraudulent claim in violation of such Act;

(e) *Federal Civil Rights Act – Freedom of Speech.* As a person whose clearly established constitutional right of free speech under the U. S. Const., First and Fourteenth Amendments, to speak out on matters of public concern regarding violation of federal laws regarding the expenditure of federal funds have been violated under color of state law by defendants Steven Warren and Joseph Heppert in instigating and taking various adverse employment actions against plaintiff including but not limited to suspension from employment, creation of a hostile work environment and termination of employment in violation of the federal Civil Rights Act of 1871, as amended, 42 U.S.C. Sec 1983, *et seq.*; and

(f) *Federal Civil Rights Act –Substantive Due Process.* As a person whose clearly established constitutional right of substantive due process the U. S. Const., Fourteenth Amendment, to be free from arbitrary, capricious and unreasonable actions regarding violation of federal laws regarding the expenditure of federal funds and otherwise have been violated under color of state law by defendants Steven Warren and Joseph Heppert in instigating and taking various adverse employment actions against plaintiff including but not limited to suspension from employment, creation of a hostile work environment and termination of employment in violation of the federal Civil Rights Act of 1871, as amended, 42 U.S.C. Sec 1983, *et seq.*

3. The Court dismissed without prejudice Count Three under the Pilot Program for Contractor Protection from Reprisal for Disclosure on December 17, 2015 by its *Memorandum and Order* (ECF No. 109). It is not reasserted in the proffered *Third Amended Complaint for Disability Discrimination and Retaliation, Whistleblowing Retaliation and Deprivation of Constitutional Rights*.[1]

4. Discovery on the merits has only recently started in this action.

(a) In that regard, the Court has bifurcated discovery in this matter in order first to allow separate consideration of the assertion by defendant University of Kansas Center for Research, Inc., that it is an "arm of the state" immune to suit in federal court for money damages

[1] However, plaintiff has advised counsel for defendants that plaintiff will reassert this claim in a *separate* civil action and seek consolidation with this action.

under the Eleventh Amendment, U.S. Const. *See Amended Scheduling Order* (ECF No. 89), September 15, 2015.

(b) The parties this month completed discovery on the "arm of the state" immunity defense, including defendants' producing over 2,600 pages of documents and plaintiff's taking four Fed.R.Civ.P. 30(b)(6) depositions of representatives of defendant University of Kansas Center for Research, Inc. A *Motion for Summary Judgment of Defendant University of Kansas Center for Research, Inc.* (ECF No. 156) based on Eleventh Amendment immunity was filed last Friday, March 25, 2016.

(c) The parties commenced discovery on all remaining "merits" issues shortly after February 1, 2016 as directed in the *Amended Scheduling Order* (ECF NO. 89) with defendants serving opening interrogatories and document requests on February 5, 2016, *see Notice of Service of Discovery* (ECF No. 123) and plaintiff serving opening interrogatories and document requests on February 12, 2016, *see Plaintiff's Certificate of Service of Firsts Sets of Interrogatories and Amended and Restated First Sets of Requests for Production of Documents to Defendants University of Kansas and University of Kansas Center for Research, Inc.* (ECF No. 126). The parties have since agreed to thirty day extensions for responding to each other's opening discovery requests, to April 6 (for plaintiff)[2] and April 13, 2016 (for defendants),[3] respectively.

5. The proffered *Third Amended Complaint for Disability Discrimination and Retaliation, Whistleblowing Retaliation and Deprivation of Constitutional Rights* makes no changes to the facts alleged and in that regard is identical.[4] The proffered amended complaint seeks four changes:

(a) It deletes the Count Three claim under the Pilot Program for Contractor Protection from Reprisal for Disclosure, as ordered by the Court;

---

[2] *Order* (ECF No. 148), March 7, 2016.

[3] By agreement of counsel under D.Kan. Rule 29.

[4] For the convenience of the Court and counsel, a comparison of the existing *Second Amended Complaint* with the proposed *Third Amended Complaint* showing additions and ~~deletions~~ is attached as Exhibit B.

(b) It moves the factual allegations *verbatim* in Count Six of the *Second Amended Complaint* under 42 U.S.C. Sec. 1983 for Violation of Constitutional Rights – Substantive Due Process, a housekeeping matter, to the "Facts Common to All Counts" section of the proffered *Third Amended Complaint;*

(c) It adds claims for compensatory/special damages for emotional distress, mental anguish, etc. to the claims under the Americans with Disabilities Act, the federal Rehabilitation Act, the False Claims Act and the 42 U.S.C. Sec. 1983 Violation of Constitutional Rights claims; and

(d) It adds claims for punitive damages to the claims under the Americans with Disabilities Act, the federal Rehabilitation Act and the False Claims Act.

6. The parties this past Monday, March 28, 2016, submitted to the Court their *Joint Proposed Second Amended Scheduling Order* (ECF No. 159) setting revised dates for amending pleadings (March 31, 2016); taking depositions (June 1 – August 31, 2016); completing discovery (August 31, 2016); supplementing disclosures, submitting witness and exhibit lists (July 20, 2016) and related pre-trial dates. The Court approved the parties' proposed schedule yesterday, March 30, 2016 (ECF No. 162).

7. The undersigned initiated this process and advised defendants' counsel by email of plaintiff's desire to amend his complaint to add claims for compensatory and punitive damages to the disability and whistleblower claims and move the substantive due process claims from the formal count section to the "facts common to all counts" section. The undersigned also advised by email of his intent to re-assert the claim under the Pilot Program for Enhancement of Contractor Protection, but has since recalled that this must be done in a new and separate civil filing, not an amendment in an existing civil action.

8. As part of the agreement upon the terms of the *Joint Proposed Second Amended Scheduling Order* (ECF No. 159) the undersigned confirmed by email to legal counsel for the defendants

at the latter's request that their agreeing to a March 31, 2016 date for amending pleadings did not waive their right to seek dismissal of any claims asserted in an amended pleading, particularly, claims under the Pilot Program for Enhancement of Contractor Protection.

**Question Presented**

9. Whether the Court should permit plaintiff to amend his complaint under Fed.R.Civ.P. 15(a)(2).[5]

**Argument**

10. Under Fed.R.Civ.P. 15(a), "The court should freely give leave [to amend a pleading before trial] when justice so requires."

11. While Fed.R.Civ.P. 15(a) does not have an explicit "good cause" or similar stated standard, courts in this district and circuit note that "permission to amend 'is liberally granted where there is no prejudice'" and that a non-moving party "bears the burden of demonstrating that it would be prejudiced by the proposed amendment." *Jones v. Toyota Motor Credit Corp.*, Case No. 15-2688-JWL-GEB (D.Kan. Oct. 2, 2015). In that regard, "a finding of prejudice typically occurs only when an amendment would 'unfairly affect the defendant in terms of preparing [its] defense to the amendment.'" *Id.* Whether an amended claim raises significantly new factual issues and a different subject matter are factors to be considered." *Id. See also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006); and *Rural Water Dist. No. 4, Douglas Cnty. v. City of Eudora, Kansas*, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008).

12. Further, "A district court should refuse leave to amend only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."' *Walker v. Axalta Coating Systems, LLC*, Case No. 14-2105-JAR (D.Kan. Feb. 18, 2015), *citing Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th

[5] Fed.R.Civ.P. 15(a) also permits amendment upon the written agreement of nonmoving counsel. As discussed in the body of this motion, counsel have conferred about this request, but the undersigned has not prepared the proposed *Third Amended Complaint* in time to submit it to legal counsel for defendants for their consideration.

Cir. 2010) (*quoting Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

13. Plaintiff submits that the preceding standards are met in this case.

(a) The proposed amended complaint raises no new facts or subject matter;

(b) Plaintiff request is timely and is made within the time required for amending under the agreed-to *Second Amended Scheduling Order*.

(c) Discovery on the merits is just beginning.

(d) Plaintiff has not been dilatory. Plaintiff filed his *Second Amended Complaint* (ECF No. 90) on September 21, 2015, only days after the Court ordered discovery limited to the "arm of the state" immunity defense on September 15, 2015. *See Amended Scheduling Order* (ECF No. 89), September 15, 2015. The parties since then have spent their time pursuing the "arm of the state" Eleventh Amendment immunity discovery. Only now are the parties moving to the merits.

(e) Plaintiff advised defendants of his intent to amend as part of the parties working out the dates for the *Proposed Second Amended Scheduling Order* (ECF No. 159).

14. The interests of justice and the orderly consideration of plaintiff's claims and defendants' defenses will be served by granting this request.

15. A form of order for the Court's and counsel's convenience is being submitted contemporaneously herewith.

**Fed.R.Civ.P. 37(a) and D. Kan. Rule 37.3**
**"Duty to Confer" Certification**

16. Plaintiff hereby certifies that the undersigned legal counsel has conferred with legal counsel for the defendants about this request, specifically, as part of the parties' conferring to submit to the Court a joint proposed scheduling order amending the discovery and trial preparation schedule in this case as set forth above in para. 8.

Respectfully submitted,

/s/ Daniel R. Cofran
Daniel R. Cofran, Esq.
Kansas Supreme Court Enrollment No. 23258

1000 W. 70th St.
Kansas City, Missouri
Phone: 816-363-1218
Email: dcofan@swbell.net

ATTORNEY FOR PLAINTIFF DAVID S. MOORE, PH.D.

**Certificate of Service**

The undersigned hereby certifies that copies of the above and foregoing *Plaintiff's Motion for Leave to File Third Amended Complaint* were mailed by first class mail, postage prepaid; or sent by facsimile; hand delivery; electronic mail and/or filing with the Court's EM/ECF electronic filing system, as indicated, this 31st day of March, 2016, to:

David R. Cooper, Esq. (By the Court's EM/ECF electronic filing system)
Kevin J. Grauberger, Esq. (By CM/ECF Electronic Filing)
Fisher, Patterson, Sayler & Smith, L.L.P.
3550 SW 5th Street
P.O. Box 949
Topeka, Kansas 66601-0949
Attorneys for defendants University of Kansas, University of Kansas Center for Research, Inc., Bernadette Gray-Little, Jeffrey S. Vitter, Steven F. Warren and Joseph P. Heppert.

/s/ Daniel R. Cofran
Daniel R. Cofran