**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY, KANSAS**

DAVID S. MOORE, Ph.D., )
)
Plaintiff, ) Case No. 2:14-CV-02420-SAC-KGS
)
vs. ) Hon. Sam A. Crow
)
THE UNIVERSITY OF KANSAS, *et al.*, ) Hon. K. Gary Sebelius
)
Defendants. )

**Filed Electronically CM/ECF**

**PLAINTIFF'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER**
**TO TAKE MORE THAN FIFTEEN DEPOSITIONS**

COMES NOW plaintiff David S. Moore, Ph.D., by and through his attorney, and herewith states the following in reply and support of his *Motion to Amend Scheduling Order to Take More than Fifteen Depositions* (ECF No. 160):

1. Defendants are correct that the standards set forth in Fed.R.Civ.P. 30(a)(2)(A)(i) as to the number of depositions and Fed.R.Civ.P. 26(b)(2) regarding discovery frequency and extent apply to plaintiff's request.

2. Plaintiff's original *Motion to Amend Scheduling Order to Take More than Fifteen Depositions* (ECF No. 160) addresses the standards set forth in these rules, particularly Fed.R.Civ.P. 26(b)(2) regarding frequency and extent. In that regard, plaintiff carefully considered his deposition needs when preparing and submitting to defendants his "Draft Plaintiff's Deposition Plan," copy attached as Exhibit A to *Plaintiffs' Motion to Amend Scheduling Order to Take More than Fifteen Depositions* (ECF No. 160), and listing his needs by witness categories and separate subjects in *Plaintiffs' Motion to Amend Scheduling Order to Take More than Fifteen Depositions* (ECF No. 160) submitted to the Court.

*Employment Relationship Witnesses*

3. The 15 "Employment Relationship Witnesses" are within the limit of 15 depositions set in the *Scheduling Order* (ECF No. 21) and should not be an issue. As to the Fed.R.Civ.P. 30(b)(6) Center for Research corporate representative deposition sittings, these were made necessary by the Center for

Research's asserting Eleventh Amendment "arm of the state" immunity and request, to which plaintiff agreed, for a period of separate discovery on this sole issue. This shouldn't count against plaintiff's allowance for 15 depositions.

*Occurrence Witnesses*

4. The "rub" is with the 32 half-hour to hour "Occurrence Witness" depositions, most of whom are current employees of the University or the Center for Research. As stated in *Plaintiff's Motion to Amend Scheduling Order to Take More than Fifteen Depositions* (ECF No. 160), plaintiff included them as deposition witnesses because, as defendants' employees, they are represented persons because they have managerial responsibilities or are in positions to make admissions. *See Aiken v. The Business and Industry Health Group, Inc.*, 885 F.Supp. 1474, 1477 (D.Kan. 1995). As represented persons plaintiff cannot interview them. As eyewitnesses to relevant events, plaintiff cannot obtain the information from another source under Fed.R.Civ.P. 26(b)(C)(i).

5. The additional detail below should demonstrate that taking short depositions of these persons is not unreasonably cumulative or duplicative under Fed.R.Civ.P. 26(b)(2)(C)(i).

6. Nine of these persons are Core Lab Directors like plaintiff who attended lab director meetings at which two events important to this action took place and are eyewitnesses.

(a) *Whistleblower Claim.* In one meeting plaintiff alleges one lab director informed others how to avoid losing federal grant funds approaching expiration by falsely booking scientific instrument time, one of plaintiff's whistleblower claims, *see Second Amended Complaint for Disability Discrimination and Retaliation, Whistleblowing Retaliation and Deprivation of Constitutional Rights* (ECF No. 90) ("*Second Amended Complaint*"), para. 116(a), listing the names of lab directors in attendance, which defendants deny. Plaintiff needs to put these eyewitnesses under oath in order to prove up his claim and refute defendants' denial.

(b) *Unprofessional Conduct Claim.* In another meeting, defendants claim plaintiff engaged in unprofessional conduct and had to be restrained, or nearly restrained, by another lab

director, which plaintiff denies. This assertion is relevant to defendants' claim that plaintiff was suspended and discharged for legitimate business reasons, namely unprofessional conduct, which plaintiff asserts was pretextual.

(c) Lab directors, and one other staff person, for a total of ten eyewitnesses attending these meetings, include the following:

| **Plaintiff's Deposition Plan** | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Occurrence Witnesses* | | | | | | | |
| *No.* | *First* | *Last* | *Organization* | *Affiliation* | *Subject* | *Dep. Hrs.* | *Adm Record* |
| 24 | Dewey | Barrich | Glaxo-Smith-Kline | Former KU NMR Lab Director | False Instrument Booking; Unprofessional C | 1.0 | Yes |
| 25 | Janet | Good | Univ Kansas | Research & Grad Studies | False Instrument Booking; Unprofessional C | 1.0 | Yes |
| 26 | Todd | Williams, Ph.D. | Univ Kansas | Molecular Structures Group | False Instrument Booking; Unprofessional C | 1.0 | Yes |
| 39 | Annbanandam | Asokan | Univ Kansas | Bio Nuclear Mag Res Lab | False Instrument Booking; Unprofessional C | 0.5 | |
| 40 | Victor | Day, Ph.D. | Univ Kansas | X-Ray Crystal Lab | False Instrument Booking; Unprofessional C | 0.5 | |
| 41 | Phil | Gao, Ph.D. | Univ Kansas | Protein Production Lab | False Instrument Booking; Unprofessional C | 0.5 | Yes |
| 42 | Scott | Lovell, Ph.D. | Univ Kansas | PXR Group | False Instrument Booking; Unprofessional C | 0.5 | Yes |
| 43 | Anu | Purta, Ph.D. | Univ Kansas | High Throughput Screeng Lab | False Instrument Booking; Unprofessional C | 0.5 | Yes |
| 44 | Ken | Ratzlaff, Ph.D. | Univ Kansas | Instrument Design Lab | False Instrument Booking; Unprofessional C | 0.5 | Yes |
| 45 | Aaron | Smalter, Ph.D. | Federal Reserve Bank | Former Lab Director | False Instrument Booking; Unprofessional C | 0.5 | |

(d) To the extent any of these witnesses no longer work for defendants, plaintiff will contact them informally to see if they voluntarily will provide information outside a deposition (Drs. Barich and Smalter).

7. Another six are persons with knowledge that plaintiff suffered from Attention Deficit Hyperactivity Disorder ("ADHD"), including managerial persons. Defendants deny timely knowledge of plaintiff's ADHD. These persons are as follows:

| **Plaintiff's Deposition Plan** | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Occurrence Witnesses* | | | | | | | |
| *No.* | *First* | *Last* | *Organization* | *Affiliation* | *Subject* | *Dep. Hrs.* | *Adm Record* |
| 16 | Representative | Inst. Oppor & Access | Univ Kansas | Inst. Oppor & Access | ADHD Knowledge | 1.0 | |
| 17 | Eli | Michaelis, Ph.D. | Univ Kansas | Higuchi Biosciences Ctr | ADHD Knowledge | 1.0 | |
| 35 | Vicky | Corbin | Clemson Univ | Biological Sciences | ADHD Knowledge | 0.5 | |
| 36 | Robert | Dunn, Ph.D. | Univ Kansas | Dept Chemistry | ADHD Knowledge | 0.5 | |
| 37 | Eric | Elsinghorst | Univ Kansas Med Ctr | Molecular Biotechnology | ADHD Knowledge | 0.5 | |
| 38 | Robert | Ward, Ph.D. | Univ Kansas | Molecular Bioscience | ADHD Knowledge | 0.5 | |

(a) To the extent any of these witnesses no longer work for defendants, plaintiff will contact them informally to see if they voluntarily will provide information outside a deposition (Dr. Corbin, in Clemson, SC).

8. Another ten were witnesses to other incidents defendants cite as unprofessional conduct, a matter, as stated above, relevant to defendants' claims of legitimate business reason and plaintiff's claim of pretext, as follows, all current employees of defendants:

| Plaintiff's Deposition Plan | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Occurrence Witnesses* | | | | | | | |
| *No.* | *First* | *Last* | *Organization* | *Affiliation* | *Subject* | *Dep. Hrs.* | *Adm Record* |
| 18 | Anand | Ramanathan | Univ Kansas | Ctr Env Beneficial Catalysis | Bala Subramanium Incident | 1.0 | |
| 19 | Bala | Subramaniam, Ph.D. | Univ Kansas | Ctr Env Beneficial Catalysis | Bala Subramanium Incident | 1.0 | Yes |
| 23 | Rodolpho | Torres, Ph.D. | Univ Kansas | Research & Grad Studies | False Instrument Booking Inquiry; Unprofess | 1.0 | Yes |
| 28 | Prem | Thapa | Univ Kansas | Microscopy Anal & Imag Lab | Peer Relationships; Gamblin Incident | 1.0 | Yes |
| 31 | Nick | Stevens | Univ Kansas | Shared Services Ctr Admin | Problems with ITT Cooperation | 1.0 | Yes |
| 32 | Christopher | Gamblin, Ph.D. | Univ Kansas | Molecular Bioscience | Unprofessional Conduct | 1.0 | Yes |
| 33 | Bob | Hanzlik | Univ Kansas | Center of Biomedical Researc | Unprofessional Conduct; Lab Management | 1.0 | Yes |
| 34 | Scott | Hefty | Univ Kansas | Molecular Biosciences | Unprofessional Conduct; Lab Management | 1.0 | Yes |
| 46 | Rick | McMullen, Ph.D. | Univ Arkansas | Computer Science | Problems with ITT Cooperation | 0.5 | |
| 47 | Heppert Secretai | Teresa Kopsa? | Univ Kansas | Research & Grad Studies | Unprofessional Conduct | 0.5 | |

(a) To the extent any of these witnesses no longer work for defendants, plaintiff will contact them informally to see if they voluntarily will provide information outside a deposition (Dr. McMullen, in Fayetteville, AR).

9. Defendants' "legitimate business reasons" include claims that plaintiff did not use correct standard contracting forms. In turn, one of plaintiff's whistleblower claims is that the standard forms and and policies did not correctly track the use of federally funded scientific equipment. *See Second Amended Complaint,* para. 124. There are two "Occurrence Witnesses," one a current employee of defendants and the other a Fed.R.Civ.P. 30(b)(6) corporate designee, on this subject:

| Plaintiff's Deposition Plan | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Occurrence Witnesses* | | | | | | | |
| *No.* | *First* | *Last* | *Organization* | *Affiliation* | *Subject* | *Dep. Hrs.* | *Adm Record* |
| 20 | Jen | Haaga Taylor | Univ Kansas | Research & Grad Studies | Contracting | 1.0 | Yes |
| 21 | Julie | Nagel | Univ Kansas | Research & Grad Studies | Contracting; Funds Mismanagement | 1.0 | Yes |

10. There are two "Occurrence Witnesses" needed as part of plaintiff's proof of his whistleblowing claim regarding plagiarism, *see Second Amended Complaint,* para. 126-144, which defendants also claim are part of the unprofessional conduct supporting their legitimate business reason and, in turn, plaintiff's proof of pretext.

| Plaintiff's Deposition Plan | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Occurrence Witnesses* | | | | | | | |
| *No.* | *First* | *Last* | *Organization* | *Affiliation* | *Subject* | *Dep. Hrs.* | *Adm Record* |
| 29 | Gerry | Lushington, Ph.D. | | Former KU Scientist | Plagiarism | 1.0 | Yes |
| 30 | Kristi | Neufeld, Ph.D. | Univ Kansas Med Ctr | Univ Kansas Cancer Ctr | Plagiarism | 1.0 | Yes |

(a) While plaintiff believes Dr. Lushington no longer is defendants' employee, he may nonetheless be an independent contractor and unwilling to talk with plaintiff.

11. Finally, as to the last two of the 32 "Occurrence Witnesses:"

(a) Corey Berkland (No. 22, Exhibit A to plaintiff's motion) is relevant to plaintiff's whistleblower claim that federally funded scientific instruments were used for private commercial purposes without payment, *see Second Amended Complaint*, para. 148.

(b) Susan Sloop (No. 27, Exhibit A to plaintiff's motion) is relevant to plaintiff's whistleblower claim about the pervasive nature of Federal Funds Mismanagement, *see Second Amended Complaint*, para. 148.

12. As stated by the court in *Foreclosure Management Co. v. Asset Management Holdings, LLC,* Case No. 07-2388, 2008 WL 3895474, at *3 (D.Kan. 2008), and the Advisory Committee notes to the 1983 amendments, a court "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."

13. Plaintiff has carefully "pieced together" the witnesses needed to prove up his claims and meet defendants' responding assertions to show that information sought by these short "Occurrence Witness" depositions cannot be obtained from other sources and is not unreasonably cumulative or duplicative.

14. In addition, to reduce the preparation burden on defendants, plaintiff will inform defendants of the subjects of examination for each deposition in writing at least ten days before each deposition.

Respectfully submitted,

/s/ Daniel R. Cofran

Daniel R. Cofran, Esq.
Kansas Supreme Court Enrollment No. 23258

1000 W. 70th St.
Kansas City, Missouri
Phone: 816-363-1218
Email: dcofan@swbell.net

ATTORNEY FOR PLAINTIFF DAVID S. MOORE, PH.D.

**Certificate of Service**

The undersigned hereby certifies that copies of the above and foregoing *Plaintiff's Reply Memorandum in Support of Motion to Amend Scheduling Order to Take More than Fifteen Depositions* were mailed by first class mail, postage prepaid; or sent by facsimile; hand delivery; electronic mail and/or filing with the Court's EM/ECF electronic filing system, as indicated, this 29th day of April, 2016, to:

David R. Cooper, Esq. (By the Court's EM/ECF electronic filing system)
Kevin J. Grauberger, Esq. (By the Court's EM/ECF electronic filing system)
Fisher, Patterson, Sayler & Smith, L.L.P.
3550 SW 5th Street
P.O. Box 949
Topeka, Kansas 66601-0949
Attorneys for defendants University of Kansas, University of Kansas Center for Research, Inc., Bernadette Gray-Little, Jeffrey S. Vitter, Steven F. Warren and Joseph P. Heppert.

/s/ Daniel R. Cofran
Daniel R. Cofran