IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID S. MOORE, Ph.D.,           )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   Case No. 14-2420-SAC
                                 )
THE UNIVERSITY OF KANSAS,        )
et al.,                          )
                                 )
         Defendants.             )

**REPORT AND RECOMMENDATION**

This matter comes before the court upon plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 164). For the reasons explained below, the undersigned magistrate judge recommends that plaintiff's motion be granted in part and denied in part.

I.

Plaintiff seeks to amend his Second Amended Complaint to delete a claim, relocate some facts, and add claims for compensatory and punitive damages. In response, defendants suggest all of the matters raised by plaintiff can be addressed at the Final Pretrial Conference. Defendants note that plaintiff will suffer no prejudice by addressing these matters later. Defendants further state that the filing of another answer in this case would be a time-consuming endeavor for them because plaintiff's proposed Third Amended Complaint is 128 pages and includes 232 separately numbered paragraphs. In his reply, plaintiff acknowledges that several of the matters raised in his motion can be considered at the Final Pretrial Conference. He, however, suggests his motion should be granted to allow him to add claims for compensatory and punitive damages on some of his claims.

II.

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. At this juncture, plaintiffs may amend their complaint by consent of the opposing party or by leave of the court.[1] When leave of the court is required, the court may refuse to grant leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[2] Leave should freely be given when justice requires.[3] Here, defendants oppose the amendments in part on the grounds of futility.

The court may deny a proposed amendment on the basis of futility "if the amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[4] When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[5] Therefore, the court will only deny an amendment on the basis of futility when factual allegations fail to "state a claim to relief that is plausible on its face,"[6] or when an issue of law is dispositive.[7] A pleading "does not need detailed factual allegations," but does need to

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Wenner v. Bank of Am., NA*, 637 F.Supp.2d 944, 950 (D.Kan.2009) (internal quotations omitted) (quoting *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D.Kan.2003)).

[5] *Collins v. Wal–Mart, Inc.*, 245 F.R.D. 503, 507 (D.Kan.2007) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D.Kan.2001)).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Collins*, 245 F.R.D. at 507 (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

provide grounds for entitlement to relief and requires "more than labels and conclusions."[8] Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  The party opposing the proposed amendment bears the burden of establishing its futility.[11]

### III.

This employment dispute arises from plaintiff's suspension, an alleged hostile work environment, and eventual termination from the position of Assistant Scientist and Director of the Microscopy Analysis and Imaging Laboratory at the University of Kansas.  Plaintiff's original Complaint contained six counts, including claims under the American with Disabilities Act("ADA"), 42 U.S.C. § 12101 *et seq.*(Count One); the Rehabilitation, Comprehensive Services and Developmental Disabilities Act ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*(Count Two); the National Defense Authorization Act, Pilot Program for Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information ("NDAA"), 41 U.S.C. § 4712 *et seq.*(Count Three); the False Claims Act("FCA"), 31 U.S.C. § 3730 *et seq.* (Count Four); the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Count Five); and a state law claim for retaliatory discharge (Count Six).[12]  Plaintiff filed an Amended Complaint on February 20,

---

[8] *Twombly*, 550 U.S. at 555.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

[11] *Boykin v. CFS Enter., Inc.*, No. 08–2249, 2008 WL 4534400, at * 1 (D.Kan. Oct. 6, 2008).

[12] Compl. at 23-43,  ECF No. 1..

2015.[13]  The Amended Complaint added more allegations and one additional claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Count Six).[14]  On July 28, 2015, Judge Crow granted in part and denied in part defendants' Motion to Dismiss.[15]  Plaintiff filed a Second Amended Complaint on September 21, 2015.[16]  As a result of Judge Crow's order on July 28, 2015, and another order on December 17, 2015, Count Three of the Second Amended Complaint was dismissed.[17]

Following the ruling on the Motion to Dismiss, defendant University of Kansas Center for Research ("KUCR") filed a motion for summary judgment based upon Eleventh Amendment immunity.[18]  Based upon that argument, KUCR contends plaintiff is barred from bringing a claim for monetary damages in federal court against it under the ADA, the Rehabilitation Act, and the FCA.[19]  This motion remains pending.

IV.

The court agrees with the parties that several of these issues can be addressed at the Final Pretrial Conference.  Specifically, the court believes that the following matters raised by the plaintiff in the instant motion can be addressed at that time:  (1) deletion of Count Three; (2) relocation of the facts set forth in Count Six as applicable to all claims; (3) addition of a claim for compensatory damages for emotional distress and mental anguish under the FCA; and (4)

---

[13] Am. Compl., ECF No. 30.

[14] *Id.* at 107-111.  Plaintiff's state law claim for retaliatory discharge became Count Seven.  *Id.* at 111-115.

[15] *Moore v. University of Kansas*, 118 F.Supp.3d 1242, 1264 (D.Kan. 2015).

[16] Second Am. Compl., ECF. No. 90.

[17] *See* Mem. and Order at 8, ECF No. 109.

[18] Mot. for Summ. J., ECF No. 156.

[19] Mem. in Supp. of Mot. for Summ. J. at 2, ECF No. 157.

addition of claims for compensatory damages for emotional distress and mental anguish to the claims under 42 U.S.C. § 1983.

Plaintiff suggests he should be allowed to amend his complaint to add the following claims: (1) for compensatory damages for emotional distress and punitive damages based on his claim under the ADA; and (2) for compensatory damages for emotional distress and punitive damages based on his claim under the Rehabilitation Act. Plaintiff originally sought to add a claim for punitive damages based upon his claim under the FCA, but he has withdrawn that request.

The defendants contend that, while some of the matters can be addressed at the Final Pretrial Conference, the remaining portion of the motion should be denied due to futility. Specifically, defendants contend that plaintiff should not be allowed to add claims for compensatory and punitive damages against KUCR under the ADA in Count One based upon Eleventh Amendment immunity. Defendants also argue that plaintiff cannot assert claims for compensatory and punitive damages under the Rehabilitation Act because Judge Crow has already ruled they would be subject to dismissal.

The court agrees with defendants that plaintiff's claim for compensatory and punitive damages against KUCR under the ADA can be addressed at the Final Pretrial Conference after Judge Crow rules on the pending Motion for Summary Judgment. A decision on that motion will impact this issue. Accordingly, the court can consider the addition of these claims at the Final Pretrial Conference.

Concerning plaintiff's claim for compensatory and punitive damages under the Rehabilitation Act, the court does not believe that Judge Crow's earlier order precludes plaintiff's amendment. In that order, Judge Crow indicated that plaintiff could not recover

compensatory and punitive damages under the Rehabilitation Act because plaintiff had at that time "conceded that punitive and compensatory are unavailable under the Rehabilitation Act."[20] Thus, Judge Crow only determined that plaintiff was not entitled to recover such damages because plaintiff had acknowledged that such damages were unavailable.

Tenth Circuit case law suggests that compensatory damages are available under the Rehabilitation Act for intentional conduct.[21] The law is also settled that punitive damages are not available under the Rehabilitation Act.[22] Accordingly, the court finds that plaintiff should be allowed to amend the complaint to add a claim for compensatory damages under the Rehabilitation Act. Plaintiff's request to add a claim for punitive damages under the Rehabilitation Act should be denied because it is futile.

V.

Based upon the foregoing, the court respectfully recommends that the district judge should grant in part and deny in part plaintiff's Motion for Leave to File Third Amended Complaint. The court recommends that most of the issues raised by plaintiff be addressed at the Final Pretrial Conference. The court further recommends that plaintiff's request to amend the complaint for compensatory and punitive damages under the Rehabilitation Act be granted in part and denied in part. The court recommends that plaintiff's request to add a claim for compensatory damages should be granted while his request to add a claim for punitive damages should be denied. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R.

---

[20] *Moore*, 118 F.Supp.3d at 1251.

[21] *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1152-53 (10th Cir. 1999).

[22] *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

72.1.4(b), the parties may serve and file written objections to the report and recommendation within fourteen (14) days after being served with a copy.

Accordingly,

**IT IS SO RECOMMENDED.**

Dated this 3rd day of June, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
