IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-2420-SAC |
| | ) | |
| THE UNIVERSITY OF KANSAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court upon Plaintiff's Motion to Amend Scheduling Order to Take More than Fifteen Depositions (ECF No. 160). On January 16, 2015, the court conducted a scheduling conference and subsequently entered a scheduling order based on the deadlines and limitations proposed in the parties' planning report. Among other things, the scheduling order limits the parties to 15 depositions per side.[1] Plaintiff now seeks leave to take up to 47 depositions. He states that more than half of these proposed depositions would be short "occurrence witness" depositions, limited to an hour or less. Defendants oppose the motion, arguing that the facts and circumstances of this case do not justify the request to take more than 4.5 times the number of depositions typically allowed by Fed. R. Civ. P. 30(a)(2)(A)(i). For the reasons stated below, the court finds plaintiff has not shown good cause to modify the scheduling order to allow for additional depositions.

Fed. R. Civ. P. 30 governs depositions. Rule 30(a)(2) provides the circumstances upon which leave of the court is required for additional depositions—among them, if the parties have not stipulated to the depositions and "the deposition would result in more than 10 depositions

---

[1] Scheduling Order at 7, ECF No. 21-1.

being taken" by a party.[2] Under Rule 30, the court must grant leave to take additional depositions "to the extent consistent with Rule 26(b)(1) and (2)."[3] Rule 26(b)(1) defines the scope of discovery as nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs to of the case. In evaluating proportionality, the court considers:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[4]

Rule 26(b)(2)(C) requires the court to limit the frequency and extent of discovery that is not proportional to the needs of the case or is otherwise unreasonably cumulative, duplicative, burdensome, or is otherwise inefficient. Rule 26(b)(2)(A) provides that the court may alter the number of depositions provided by Rule 30. The court did so when it entered a scheduling order providing for 15 depositions per side rather than 10.

Fed. R. Civ. P. 16(b) governs scheduling orders. The rule provides that a scheduling order may be modified "for good cause" and with the judge's consent.[5] Generally, the court considers motions to amend the scheduling order to extend case management deadlines. In that context, the "good cause" standard requires the moving party to show that despite due diligence it could not have reasonably met the scheduling order deadline.[6] The consideration of a moving

---

[2] Fed. R. Civ. P. 30(a)(2)(A)(i).

[3] Fed. R. Civ. P. 30(a)(2).

[4] Fed. R. Civ. P. 26(b)(1).

[5] Fed. R. Civ. P. 16(b)(4).

[6] *Stonebarger v. Union Pacific Corp.*, No. 13-2137-JAR, 2014 WL 5782385, at *2 (D. Kan. Nov. 6, 2014) (citing *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

party's diligence is also appropriate when determining whether to modify a scheduling order to allow for additional depositions. It is also appropriate to consider whether the moving party's proposed deposition limit is consistent with Rule 26(b)(1) and (2).

Plaintiff contends that this is a complex case and notes that many of the proposed deponents were identified in either plaintiff's Rule 26 initial disclosures or in the university's agency record. His brief lists the proposed deponents and sets forth an explanation as to how each of these individuals possesses relevant information. However, in considering plaintiff's diligence, it is important to note that according to defendants, plaintiff had only taken the depositions of Fed. R. Civ. P. 30(b)(6) corporate representatives at the time he moved for additional depositions.[7] To date, the docket lists only the notice and subsequent amended and supplemental notices for the Rule 30(b)(6) deposition of the University of Kansas Center for Research, Inc.[8] There is no indication that plaintiff has noticed any other depositions or subpoenaed any other witnesses to appear for depositions. Given that discovery is currently set to close on August 31, 2016,[9] it seems unlikely that plaintiff will be able to take the number of depositions currently allowed under the scheduling order, much less the requested 47 depositions he seeks to take.

The court addressed the concerns about the number of depositions during the scheduling conference. In deciding on the limit of 15 depositions per side, the court explained that the parties could seek additional depositions if necessary. Some judges have required litigants to

---

[7] *See* Defs. Resp. to Pl.'s Mot. to Amend Scheduling Order to Take More than Fifteen Deps. at 4, ECF No. 166.

[8] *See* Pl.'s Notice of Dep. of Corporate Representative(s) of the University of Kansas Center for Research, Inc., ECF No. 104; Pl.'s First Am. Notice of Dep. of Corporate Representative(s) of the University of Kansas Center for Research, Inc., ECF No. 115; Pl.'s Supp. First Am. Notice of Dep. of Corporate Representative(s) of the University of Kansas Center for Research, Inc., ECF No. 135.

[9] *See* Am. Scheduling Order at 1, ECF No. 162.

exhaust the number of depositions allowed before considering whether to grant leave to take additional depositions.[10] While the court did not impose such a requirement in this case, the undersigned had expected the parties to make a good-faith attempt to work within the confines of the scheduling order before seeking modifications. In other words, the court expected plaintiff to have made thoughtful decisions about the individuals he wished to depose and then to have deposed a significant number of those individuals before seeking leave to take additional depositions.

Because plaintiff has not demonstrated good cause for a modification of the scheduling order, the court denies his motion without prejudice to refiling after he takes at least 12 of his 15 allowed depositions. Any renewed motion shall set forth an explanation regarding how plaintiff has acted with diligence in scheduling his allotted number of depositions, and plaintiff shall address how the large number of depositions he seeks is consistent with Rule 26(b)(1) and (2), specifically addressing the issue of proportional discovery.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Scheduling Order to Take More than Fifteen Depositions (ECF No. 160) is denied without prejudice to refiling.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[10] *See, e.g., Smith v. Andrew Wood Prods. Ltd.*, No. C07-5641, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008, 2008).