IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID S. MOORE,

        Plaintiff,

v.                                No. 14-2420-SAC

THE UNIVERSITY OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

The Magistrate Judge issued a report and recommendation on the plaintiff's motion (Dk. 164) for leave to file third amended complaint. (Dk. 206). The defendants opposed the amendments arguing both the futility and the procedural propriety of addressing these matters at the final pretrial conference to avoid undue prejudice and expense. The magistrate judge agreed with the parties on postponing consideration of certain matters until the final pretrial conference. As argued by the defendants, the magistrate judge accepted that the plaintiff's American with Disabilities Act ("ADA") claim for compensatory and punitive damages against the defendant University of Kansas Center for Research ("KUCR") could be taken up at the final pretrial conference after the district court's decision on KUCR's pending summary judgment motion. The only remaining claim of the plaintiff's requested amendments was for compensatory and punitive damages under the Rehabilitation Act. The magistrate judge denied the amendment for

punitive damages on grounds of futility but granted the amendment for a claim of compensatory damages for intentional conduct. Therefore, the magistrate judge recommends that most matters raised by the plaintiff's motion for leave be addressed at the final pretrial conference but that the court deny the motion for leave to file a punitive damages claim under the Rehabilitation Act and grant the motion for a compensatory damages claim under the Act.

The only objection to the magistrate judge's report and recommendation comes from the defendants, and they only object to leave being granted for the compensatory damages claim. (Dk. 209). In their filing, the defendants "concede that emotional distress damages are an available remedy for a party that prevails on a claim of intentional discrimination under the Rehabilitation Act, even though such damages are not available for retaliation claims." (Dk. 209, p. 3). The defendants do not object to the magistrate judge's determination of what damages are available under the Rehabilitation Act. The defendants, however, do object to the plaintiff being allowed to file a third-amended complaint to include this single claim of compensatory damages instead of having this claim addressed along with the other issues at the final pretrial conference. The defendants argue the waste and expense in having to prepare an answer again to a third amended complaint when the second amended complaint already numbered 128 pages.

The district court conducts a de novo review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The parties have waived their right to de novo review on all matters except for the procedural propriety of granting leave to add this compensatory damage claim under the Rehabilitation Act. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004)(There is a "firm waiver rule" for review of all factual and legal questions to which a party has failed to object to the magistrate judge's findings and recommendations) (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). The defendants do not articulate the specific undue prejudice of time, effort and expense involved in preparing an answer to a third-amended complaint that differs from the second-amended complaint only in having a claim for compensatory damages under the Rehabilitation Act. The court appreciates the consistency and practical appeal in waiting until the final pretrial conference on this damage claim. Nonetheless, the parties are not in agreement on delaying this particular claim, the plaintiff is entitled to add the claim, and the defendants' asserted prejudice is conclusory and unsubstantiated. The court overrules the defendants' objection. After reviewing the record, the district court accepts, approves and adopts as its order the Magistrate Judge's report and recommendation (Dk. 206).

IT IS THEREFORE ORDERED that the defendants' objection (Dk. 209) is overruled, and the Magistrate Judge's report and recommendation of June 3, 2016, (Dk. 206), is accepted, approved, and adopted.

Dated this 20th day of July, 2016, Topeka, Kansas.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge