SIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID S. MOORE,

        Plaintiff,

v.                                                                                          No. 14-2420-SAC

THE UNIVERSITY OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

This case arises from David S. Moore's suspension, allegations of hostile work environment, and eventual termination from the position of Assistant Scientist and Director of the Microscopy Analysis and Imaging Laboratory ("MAI Lab") at the University of Kansas ("KU"). Mr. Moore had been zealously represented in this case by counsel who was allowed to withdraw on October 20, 2016. (Dk. 257). There is much about this case that leans toward complexity from the breadth of alleged activities to the number of claims for relief. Its complexity is certainly reflected by the docket report and by the plaintiff's "Third Amended Complaint for Disability Discrimination and Retaliation, Whistleblowing Retaliation, and Deprivation of Constitutional Rights." (Dk. 232). This complaint is 129 pages in length. The docket report of this case reflects 262 entries, and the district court has filed three orders totaling more than 70 pages that decided multiple motions to dismiss. (Dk. 79, 83, and 109). A summary judgment motion (Dk. 156)

filed by the defendant University of Kansas Center for Research , Inc. ("KUCR") on Eleventh Amendment immunity has been extensively briefed and supported with a detailed record. It became ripe just four days before the plaintiff's attorney filed his motion to withdraw. (Dk. 245). In allowing the plaintiff's attorney to withdraw, the Magistrate Judge also amended the scheduling order, temporarily stayed the proceedings for the plaintiff to obtain substitute counsel, and set deadlines for the substitution of counsel and for status reports by the plaintiff. (Dk. 257).

The Magistrate Judge entered an order on November 3, 2016, (Dk. 259), that addressed the plaintiff's Fourth *pro se* Status Report Regarding Retention of Counsel filed October 31, 2016, (Dk. 258). In that report, Mr. Moore stated:

> (a) Plaintiff has been advised that he has a better probability of retaining counsel if he asks the court to withdraw the complaint without prejudice, in order to provide new attorneys with the ability to re-structure the case under a new time line, and permit new attorney's (sic) to re-file the case.
> (b) Plaintiff does not know the appropriate means by which to request that the court permit him to withdraw the case without prejudice, but this is what the plaintiff would like to request at this time.

(Dk. 258, p. 2). The Magistrate Judge properly characterized the plaintiff's request as a motion seeking dismissal under Fed. R. Civ. P. 41(a)(2), "by court order on terms that the court considers proper." (Dk. 259). The magistrate's order set deadlines for the defendants' response and the plaintiff's reply. The parties have timely filed the same.

The defendants' response indicates that general discovery in this case was proceeding when the plaintiff's counsel was allowed to withdraw. The defendants do not object to dismissal if the following terms and conditions are included:

> 1. Any discovery previously conducted in this case can be used by the parties in any subsequently filed case;
> 2. No additional discovery is allowed on the issue of whether KUCR is entitled to Eleventh Amendment immunity in any subsequently filed case;
> 3. Plaintiff is prohibited from designating any additional expert witness in any subsequently filed case, but may continue to rely on expert witnesses previously disclosed provided they do not seek to provide any opinion testimony that was not included in their prior disclosures; and
> 4. Any prior rulings or orders by the Court shall have full force and effect in any subsequently filed case.

(Dk. 260, p. 2). The defendants contend these conditions would protect the value of their work in this case and would keep the plaintiff from relitigating issues already resolved in this case.

The plaintiff has filed his reply to the defendants' proposed conditions. As for the use of prior discovery, the plaintiff seeks to retain his objection to the use of dated and unrelated medical records which were included in the 15-year span of medical records produced in discovery. The plaintiff asks that the discretion to judge the use of these records be given the court in which this case is subsequently filed. As for foreclosing discovery on whether KUCR is entitled to Eleventh Amendment immunity and the prohibition on designating additional expert witnesses, the plaintiff asks that the next court retain the discretion to decide whether to allow additional

discovery and designations. The plaintiff points to conduct by his former counsel that may have disadvantaged him in obtaining all relevant discovery on the Eleventh Amendment immunity issue and in designating expert witnesses. The plaintiff suggests this conduct by his former counsel may be related to the reasons for his counsel's withdrawal. The plaintiff has no objection to the defendant's fourth condition.

Fed. R. Civ. P. 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir.2005) (internal quotation marks and citation omitted). A dismissal without prejudice under Rule 41(a)(2) normally should be granted "[a]bsent 'legal prejudice' to the defendant." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997), *cert. denied*, 522 U.S. 1052 (1998). Prejudice does not arise from the possibility of a second suit but from the effect of such practical factors as, "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Brown*, 413 F.3d at 1124. The court should not regard this list as exhaustive but consider other circumstances also unique to the case. *Id.* In deciding the plaintiff's motion to dismiss without prejudice, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing

the defendant, but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks and citation omitted).

Rule 41(a)(2) permits a court to impose "terms and conditions as the court deems proper." *Brown*, 413 F.3d at 1123 (internal citation omitted). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Gonzales v. City of Topeka*, 206 F.R.D. 280, 282 (D. Kan. 2001) (quoting *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). "The district court should impose only those conditions which actually will alleviate harm to the defendant." *Id*. The court looks for curative conditions that address work or expenses that will not be useful in a subsequent action or that were incurred unnecessarily. *Id.* at 283. "The moving plaintiff must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable or too onerous." *Id*. (internal quotation marks and citations omitted).

The court will grant the plaintiff's motion to dismiss his lawsuit without prejudice upon the following conditions. First, all discovery conducted and obtained in this case will be available for use by the parties in any subsequently filed case subject to that court's rulings on use and admissibility. Second, discovery on the issue of whether KUCR is entitled to Eleventh Amendment immunity will be regarded as complete in a

subsequently filed case except that the plaintiff may ask in that court for leave to take additional discovery upon a showing of need for the discovery and good cause for why this discovery was not sought here.  Third, any prior rulings or orders by the Court shall have full force and effect in any subsequently filed case. The court will not impose any condition on the designation of additional expert witnesses. The defendants have not shown that in this case there is any prejudice to be cured should the plaintiff designate additional experts in a subsequently filed action with new counsel. The court believes these conditions are sufficient to alleviate the harm identified by the defendants.

The court also finds the plaintiff's reasons show diligence on his part and constitute a sufficient explanation for seeking dismissal. This case has not progressed much beyond the legal defense stage, and most of the discovery has focused on the Eleventh Amendment immunity issue. If this action were subsequently filed in federal court, then all the motions, memoranda and discovery would be useful again. There is no reason to believe that the plaintiff is seeking dismissal so as to avoid an adverse dispositive ruling. The state of the litigation factor and the plaintiff's explanation of the need for dismissal weigh in favor of granting plaintiff's motion to dismiss on the conditions stated above.

For these reasons, the court concludes that defendants will not suffer legal prejudice if the court dismisses this case without prejudice on the following conditions:

> 1. All discovery conducted and obtained in this case will be available for use by the parties in any subsequently filed case subject to that court's rulings on use and admissibility.
> 2. Discovery on the issue of whether KUCR is entitled to Eleventh Amendment immunity will be regarded as complete in a subsequently filed case except that the plaintiff may ask in that court for leave to take additional discovery upon a showing of need for the discovery and good cause for why this discovery was not previously sought in this action.
> 3. Any prior rulings or orders by the Court shall have full force and effect in any subsequently filed case.

The plaintiff has the option to withdraw his motion for voluntary dismissal if he does not wish the court to bind him by these conditions specified above. Thus, the court will permit the plaintiff to withdraw his motion upon filing a statement with the Court indicating his intent to do so by 5:00 p.m. on December 28, 2016. If the plaintiff does withdraw his motion, the Magistrate Judge shall promptly resume the prior proceedings for the plaintiff to secure substitute counsel. If plaintiff has not withdrawn his motion by this deadline, the Court will grant the plaintiff's motion to dismiss without prejudice, effective December 29, 2016, subject to the conditions recited herein.

IT IS SO ORDERED.

Dated this 16th day of December, 2016, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge